## Richmond.

## D. P. TALLEY, C. A. MITCHELL, G. L. HESSON AND W. E. HARVEY v. IVERSON L. DRUMHELLER, FRANK DRUMHELLER, JOHN T. JONES' EXECUTRIX. ·

January 18, 1923.

Absent, Burks, J.

1. DETINUE—*Unlawful Detainer—Gist of the Action.*—The gist of an action of detinue is the unlawful detainer of specific personal property, howsoever the defendant came by it, whether by bailment, by finding, or tortiously. The sole inquiry is whether the chattel is the plaintiffs and whether the defendant wrongfully detains it.

2. DETINUE—*Parties—Parties Defendant.*—The action of detinue should be brought against the party in possession of or chargeable with the wrongful detainer, regardless of the number of persons that may be interested in the property. Where the property is jointly detained by several persons, all should be joined as defendants.

3. DETINUE—*Parties—Parties Defendant—Independent Contractors—Case at Bar.*—Independent contractors who, acting under the orders of their principal, took actual possession of "T" rails on the premises of the plaintiffs and wrongfully carried them from the plaintiffs' lands and placed them upon a lot of their own, are proper parties in an action of detinue by plaintiffs to recover the rails.

4. INDEPENDENT CONTRACTORS—*Who are Independent Contractors—Contractors to Remove Rails—Case at Bar.*—Contractors who were employed by their principal to remove rails from the lands of plaintiffs, and who were to be paid a certain sum per ton to gather, haul, and load the rails on the cars, not being subject to their principal's orders as to the details of the work, and the same being performed without his personal supervision, are independent contractors, and their principal is not liable for their tortious acts. Moreover, in the instant case, the contractors had a lien on the rails to secure their claim for services rendered in taking up and hauling the same. Their possession, either as bailees or otherwise, must necessarily continue until the rails are loaded on the cars, and they are proper parties defendant in an action of detinue to recover the rails.

5. INDEPENDENT CONTRACTORS—*Definition.*—An independent contractor may be defined as one who in the course of an independent occupation prosecutes and directs the work himself, using his own methods to accomplish it.

6. INDEPENDENT CONTRACTORS—*Liability of Principal.*—Generally, where an independent contractor is employed to perform a work lawful in itself, and not intrinsically dangerous, the principal, if it is not negligent in selecting the contractor, is not liable for the wrongful acts or negligence of such contractor. It must appear that the principal either exercised or reserved the right to exercise control over the work and had the power to choose, direct, and discharge the employees of the contractor. In general it may be said that the liability of the principal depends upon whether or not it has retained control and direction of the work.

7. DETINUE—*Parties—Service of Process—Action Against Independent Contractors and Principal, in what County Principal may be Served—Case at Bar.*—In the instant case, an action of detinue against independent contractors and their principal for removing "T" rails from the premises of the plaintiffs, the independent contractors being proper parties to the suit and residing in the county where the property was located, and where the suit was properly instituted, process against their principal could be directed to the sheriff of any county or city in the State where he could be found and served with process.

8. JOINT TENANTS AND TENANTS IN COMMON—*Who are Tenants in Common—Joinder of Tenants in Common as Parties Plaintiff.*—Tenants in common are such as hold by several and distinct titles, but by unity of possession. They should join in all actions for injuries to the common property, whether *ex contractu* or *ex delicto;* and may join in a suit for the recovery of the common property.

9. CONFUSION OF GOODS—*Owners of Intermingled Goods as Tenants in Common—Detinue.*—Where goods of a similar nature are confused, whether wrongfully or under an erroneous belief of right, the owners of such become tenants in common of the mass, and as such tenants in common they may maintain detinue to recover the mass.

10. CONFUSION OF GOODS—*Owners of Intermingled Goods as Tenants in Common—Detinue—Case at Bar.*—In the instant case, an action of detinue, defendants had unlawfully removed "T" rails from the several tracts of land of the plaintiffs and had so intermingled the rails that it was impossible to determine which rails had been taken from the lands of the several plaintiffs.

*Held:* That the plaintiffs were tenants in common and had a right to bring a joint action to recover their joint property from those who were in the unlawful possession thereof.

11. DETINUE—*Trover and Conversion—Proper Action where Property was Taken from Several Defendants and Intermingled.*—In the instant case,

an action of detinue, defendants had unlawfully removed "T" rails from the several tracts of land of the plaintiffs and had so intermingled the rails that it was impossible to determine which rails had been taken from the lands of the several plaintiffs. It was contended by defendant that the action should have been trover.

*Held:* That the form of the property was not converted or changed, and that it was sufficiently described in the declaration to enable the officer to identify it; and while it was possible that trover would lie, plaintiffs clearly had the right to bring detinue.

Error to a judgment of the Circuit Court of Amherst county in an action of detinue. Judgment for defendants. Plaintiffs assign error.

*Reversed.*

The opinion states the case.

*Evans & Evans* and *Caskie & Caskie*, for the plaintiff in error.

*Geo. E. Haw*, for the defendants in error.

WEST, J., delivered the opinion of the court.

This is an action in detinue to recover the possession of certain "T" rails, which had been used for a tramroad. This writ of error was awarded to a final judgment against the plaintiffs in error.

During the year 1918, the Drumhellers, while in the employ of John T. Jones, removed 73,084 pounds of "T" rails, which had been used for a tramroad, from the lands of the plaintiffs and placed them on a lot rented by I. L. Drumheller, near Riverville, in Amherst county, where they were when the sheriff levied on them in this case. The rails, which were taken from several tracts of land, were put in one pile, so that it was impossible to determine which rails had been taken from the lands of Talley and which from the lands of

the other plaintiffs.    At the time they were taken away, the rails were owned by and in the possession of the plaintiffs, as follows:

D. P. Talley, 36,949 pounds; G. L. Hesson, 18,645 pounds; C. A. Mitchell, 14,311 pounds, and W. E. Harvey, 3,179 pounds.    At the time of the institution of the suit, the rails were so mixed and confused that the owners were unable to identify their own particular property and therefore joined in one suit to recover all the rails *en masse*.    The Drumhellers, residents of Amherst county, were made parties defendant because the rails were actually in their possession and under their control.    John T. Jones, of Henrico county, was also made a party defendant, as the plaintiffs were advised that he claimed an interest in or title to the rails.    He was served with process in the city of Richmond.    Jones employed the Drumhellers at an agreed price per ton to remove and haul the rails from the lands of the plaintiffs and load same on board the cars to be shipped to Richmond according to his order.

Jones filed two pleas in abatement, and also filed his motion in writing to dismiss the plaintiffs' action, on the ground that the Drumhellers, being his employees, were improperly made co-defendants, and because process was improperly served on him in Richmond.    At the October term, 1919, Jones moved to abate the action because of misjoinder of parties, and the defendants demurred to plaintiffs' declaration on the ground that it showed four separate and distinct causes of action.    At the April term, 1920, the court sustained Jones' demurrer, with permission to plaintiffs to amend.    At the October term, 1920, the death of John T. Jones being suggested, the case was revived in the name of his executrix.    Whereupon the defendants filed their demurrer to the amended declaration on the ground there

were four separate and distinct causes of action in favor of four separate and distinct parties included in one suit, and, that detinue would not lie, the only appropriate action being trover and conversion. This demurrer was overruled and the court proceeded to hear the case upon said pleas, Nos. (1) and (2) in abatement. At the June term, 1921, the court sustained said pleas and dismissed the action with cost to the defendants.

The foregoing are the agreed facts in the case.

The three assignments of error involve the action of the court in sustaining John T. Jones' pleas in abatement Nos. (1) and (2), and in dismissing the entire proceeding as to the Drumhellers and John T. Jones. Plea No. (1) alleges that the court should not take cognizance of this action because Jones is the only proper defendant and because the Drumhellers are improperly made co-defendants, as they were only employees of defendant Jones and never claimed possession of or interest in the rails, except as such. Plea No. (2) alleges that the court should not take cognizance of the action because the defendant Jones was a resident of Henrico county and not Amherst county, and because the Drumhellers were improperly made co-defendants, being only employees of said Jones as to said rails, claiming no interest or ownership in them, and that therefore no process should have been issued against him to any county other than the county of Amherst, and that the process issued against him at Richmond was void and the court has no jurisdiction of the case.

[1] These three assignments will be considered together.

The gist of an action of detinue is the unlawful detainer of specific personal property, howsoever the defendant came by it, whether by bailment, by finding, or tortiously. The sole inquiry is whether the chattel is

the plaintiffs and whether the defendant wrongfully detains it.    4 Min. Inst. (2nd ed.) p. 537-9.

[2] The action should be brought against the party in possession of or chargeable with the wrongful detainer, regardless of the number of persons that may be interested in the property.    Where the property is jointly detained by several persons, all should be joined as defendants.    18 Corp. Juris, p. 1000, sec. 22.

[3, 4] The Drumhellers were proper parties to this action.    The uncontradicted evidence is that they took actual possession of the rails and wrongfully carried them from the plaintiffs' lands and placed them upon their lot.    While they moved them under the direction of John T. Jones, under their contract with him, they were paid a certain sum per ton to gather, haul and load them on the cars at Riverville.    Their possession, either as bailees or otherwise, must necessarily continue until the rails are loaded on the cars.    Not being subject to Jones' orders as to the details of the work, and the same being performed without his personal supervision, they were independent contractors, and Jones was not liable for their tortious acts.    Besides the Drumhellers had a right to a lien on the rails to secure their claim for services rendered in taking up and hauling same.

[5, 6] An independent contractor may be defined as one who in the course of an independent occupation prosecutes and directs the work himself, using his own methods to accomplish it.    Generally where an independent contractor is employed to perform a work lawful in itself and not intrinsically dangerous, the company, if it is not negligent in selecting the contractor, is not liable for the wrongful acts or negligence of such contractor.    It must appear that it either exercised or reserved the right to exercise control over the work and had the power to choose, direct and discharge the em-

ployees of the contractor. In general it may be said that the liability of the company depends upon whether or not it has retained control and direction of the work. *Norfolk & Western Co.* v. *Stevens' Adm'r,* 97 Va. 636, 34 S. E. 525, 46 L. R. A. 367.

In the case of *W. Va. Co.* v. *Ferrell,* 67 W. Va. 14, 18, 67 S. E. 69, 70, which was an action in detinue for lumber, the court said, "Peck's holding by the authority of Ferrell made it, for the purpose of the action, their joint detention and rendered them liable jointly to the plaintiff."

[7] The Drumhellers being proper parties to the suit and residing in Amherst county where the property was located and where the suit was properly instituted, process against defendant Jones could be directed to the sheriff of any county or city in the State where he could be found and served with process.

The defendant in error, Jones, assigns cross-error, as to the action of the court in overruling defendants' second demurrer, and contends that there was an improper joiner of the plaintiffs and that detinue does not lie.

[8] Tenants in common are such as hold by several and distinct titles, but by unity of possession. They should join in all actions for injuries to the common property, whether *ex contractu* or *ex delicto;* and may join in a suit for the recovery of the common property. 38 Cyc. pp. 4, 120, 121.

[9, 10] Where goods of a similar nature are confused, whether wrongfully or under an erroneous belief of right, the owners of such become tenants in common of the mass, and as such tenants in common they may maintain detinue to recover the mass.

In *Page* v. *Jones,* 26 N. M. 195, 190 Pac. 541, 10 A. L. R. 761, sheep of the plaintiff were intermingled with

sheep of the defendant.   The evidence showed all the sheep were of the same general class and character and the plaintiff brought replevin to recover his proportionate number of sheep.   The court held that the plaintiff was entitled to recover for such aliquot part of such mass as she was able to show rightly belonged to her.   In a note to that case (10 A. L. R.), which is supported by ample authority, at page 766, this is said: "Where live stock of different owners is intermingled through unavoidable accident or mistake, so as to be indistinguishable, the owners of the animals so mixed become tenants in common of the whole mass, in the proportions in which their animals have severally contributed to it."

In *Clay* v. *Larson*, 125 Minn. 271, 146 N. W. 1095, the same doctrine is applied to cattle.

In the Texas case of *Belcher* v. *Cassidy Bros. Co.*, 26 Tex. Civ. App. 60, 62 S. W. 924, the same doctrine was applied to cattle, where the intermingling, as in the instant case, occurred through the wrongful act of the third person; and it was held that the owners became tenants in common.

The plaintiffs were tenants in common and had a right to bring a joint action to recover their joint property from those who were in the unlawful possession thereof.

[11] It is contended by defendant in error, Jones, that the action should have been trover.   In this contention we cannot concur.   The form of the property was not converted or changed and it is sufficiently described in the declaration to enable the officer to identify it. While it is possible that trover would lie, plaintiff clearly had the right to bring detinue.

In *Slaughter* v. *Green*, 1 Rand. (22 Va.) 3, 10 Am. Dec. 488, where a mill burned down, it was held that

13

the wheat in the mill belonged jointly to the parties who had put their wheat there, and that the loss must fall on all ratably.

In the recent equity case of *French* v. *Strange Mining Co.*, 133 Va. 602, 114 S. E. 121, dealing with the question of coal on a tract of land claimed by the plaintiff, which had been commingled and mixed with coal of another tract, the court held that the parties had an adequate remedy at law, and said: "The foundation of complainants' demand is a trespass on real estate. For this trespass they could elect among several remedies at law. They could bring an action for damage to the land, or they could waive this damage, and bring an action of detinue or trover for the ore or its value."

Under these authorities it cannot be said that it was error to sue in detinue.

It is clear that the court erred in sustaining pleas in abatement Nos. (1) and (2) and in dismissing the case from the docket.

The final judgment complained of will be reversed and the case remanded for a new trial, not in conflict with the views herein expressed.

*Reversed.*