# Wytheville.

## Kate Wallace Stevenson, Executrix of Marion H. Stevenson, Deceased, and Lynn W. Stevenson *v.* James W. Jones.

### June 11, 1925.

Argued before Judge Chichester took his seat.

1. Pledge and Collateral Security—*Pledgee's Gift by Will of the Subject of the Pledge—Legatee not a Purchaser nor Creditor.*—Where testator who had borrowed stock from complainant which he promised to return on demand left the stock in his will to a legatee, and his executrix delivered the stock to the legatee, the legatee is not a purchaser of the stock for value, nor a creditor of the decedent's estate. He holds the stock just as it was held by the original bailee—as trustee for the bailor—and is liable to him for the dividends he has collected thereon.

2. Pledge and Collateral Security—*Limitation of Actions—Executors and Administrators—Section 5810 of the Code of 1919—Case at Bar.*— In the instant case testator had borrowed from complainant five shares of stock to be transferred back to complainant whenever he demanded it. Testator in his will gave the stock to a legatee and his executrix qualified on February 12, 1917, and delivered the stock to the legatee November 11, 1917. More than a year after executrix qualified complainant demanded the stock from her. Upon her refusal on June 21, 1922, complainant instituted the instant suit for the recovery of the stock.

   *Held:* That the right of action did not accrue on the date of the qualification of the executrix but accrued only upon a demand and a refusal, or by a conversion of the property by some one holding the stock under the original bailee, and therefore the suit was not barred by section 5810 of the Code of 1919.

Appeal from a decree of the Circuit Court of Northampton county. Decree for complainant. Defendants appeal.

*Affirmed.*

The opinion states the case.

*Mears & Mears* and *J. Brooks Mapp*, for the appellants.

*Topping & Topping* and *S. James Turlington*, for the appellee.

WEST, J., delivered the opinion of the court.

This is an appeal from a decree requiring Lynn W. Stevenson to assign and deliver five shares of stock in a fire insurance company to James W. Jones, and also to pay to Jones all dividends collected on the stock, with interest from the dates the dividends were received by him.

On January 15, 1907, James W. Jones loaned to Marion H. Stevenson five (5) shares of the stock of the Eastern Shore of Virginia Fire Insurance Company, for which Stevenson gave him the following receipt:

"CAPE CHARLES, VA., 1–15–07.

"I hereby declare that the five shares of stock of Eastern Shore of Virginia Fire Insurance Company, Inc., held by me, is the property of James W. Jones, and was loaned by him to me, and is to be transferred back to him whenever he demands it of me.

"Given under my hand this 15th day of January, A. D. 1907.

"M. H. STEVENSON."

M. H. Stevenson died on February 6, 1917. His will was probated and his execeutrix qualified on February 12, 1917. At the time of his death he was the holder of seven shares of stock in this fire insurance company.

Two of them had been acquired from one Grimmer, and the other five were the stock in controversy, all seven of which were bequeathed in the testator's will to his son, Lynn W. Stevenson, one of the defendants. Marion H. Stevenson's executrix settled the estate of her testator, transferring the seven shares of stock to Lynn W. Stevenson on November 11, 1917, and her final account was confirmed by the court on August 16, 1918. The stock was transferred to Lynn W. Stevenson on the books of the company on April 29, 1918.

At the time of the loan the stock was not very valuable and Jones mislaid the receipt and lost sight of the stock until after Stevenson's death. Some time after the qualification of the executrix, Jones heard that the company was paying cash dividends, and soon thereafter located his receipt and presented it to Kate Wallace Stevenson, executrix of Marion H. Stevenson, and demanded the stock, but she declined to turn the stock over to him.

On June 21, 1922, James W. Jones instituted this suit for the recovery of the five shares of stock. Lynn W. Stevenson and Marion H. Stevenson's executrix filed their answers and demurrers to the complainant's bill. The ground of the demurrers was that the complainant's cause of action did not accrue within five years before the filing of the bill. The cause was heard upon the bill, answers, demurrers, and depositions of witnesses. The court overruled the demurrers and entered the decree appealed from.

The only assignment of error is the action of the court in refusing to sustain the pleas of the statute of limitations and dismiss the complainant's bill.

The appellants contend that under section 5810 of the Code the complainant's right of action accrued on the date of the qualification of Stevenson's executrix,

and was barred at the expiration of five years from that date. With this contention we cannot concur. The section of the Code referred to contains this clause: "* * or if the right of action *shall not have accrued at the time of the decedent's death,* it shall not continue longer than five years after the same shall have so accrued." (Italics ours.)

It is not contradicted that Jones made no demand upon Stevenson for the stock in the latter's lifetime, and there is no evidence that Stevenson repudiated the bailment in such a manner as to give Jones a right of action against him without first making a demand upon him for the stock. The right of action, therefore, had not accrued at the time of the decedent's death.

Marion H. Stevenson held the stock as bailee, or trustee, for Jones, and under the law and the terms of the receipt, Jones' right to maintain an action for the recovery of the stock did not accrue until he had made a demand for the stock which was refused, or until some one holding the stock under the original bailee had violated his contract of bailment by converting the property to his own use.

In *Powell* v. *Powell,* 21 N. C. 379, the Supreme Court of North Carolina held that where the bailee has died and his administrator, in the course of distributing the estate, delivers the property to another who takes and holds it upon claim of right, the statute of limitations begins to run upon the delivery of the property.

In *Key* v. *Hughes' Ex'rs,* 32 W. Va. 184, 9 S. E. 77, as appears from the syllabus, it was held that "where the relation of parties is that of trustee and *cestui que trust,* the statute of limitations does not commence to run until there has been an open demand and repudiation of the trust by the trustee, brought home to the *cestui que trust* in such a manner as will require the latter to act as upon an asserted adverse title."

In 17 R. C. L., page 800, section 167, the law is stated thus: "The statute of limitations does not begin to run in favor of a bailee and against a bailor until the latter has made demand, when the bailment is gratuitous and the bailee holds specific property for the benefit of the bailor without permission or authority.* *

"* * The decisions in these cases are founded upon much the same principles as apply in cases of trust, it being declared that the statute will not begin to run in favor of a bailee until he denies the bailment and converts the property to his own use, and that a refusal to deliver the property on demand is a conversion." Citing 1 L. R. A. 318.

In 25 Cyc. 1094 the law is stated thus: "A bailor's right of action against the bailee accrues at the time of the latter's breach of duty under the contract of bailment and the statute of limitations then begins to run. Unless the term of the bailment is limited, no lapse of time bars the bailor's right to the property and his right of action does not accrue and the statute does not begin to run until denial of the bailment and conversion of the property by the bailee or some one claiming under him. To set the statute in motion, there must be some act of the bailee inconsistent with the bailment and changing the nature of his holding, such as a refusal to deliver on demand. *A fortiori*, where the contract of bailment provides that the property shall be returned on demand, the statute begins to run when and only when a demand is made."

[1] Lynn W. Stevenson is not a purchaser of the stock for value, nor a creditor of the decedent's estate. He holds the stock just as it was held by the original bailee—as trustee for the bailor—and is liable to him for the dividends he has collected thereon.

[2] The appellee having made demand on the execu-

trix for the stock more than a year after her qualification, and Lynn W. Stevenson having converted the stock to his own use on November 11, 1917, it is obvious that the suit was instituted within five years after the right of action accrued, and that the demurrers were properly overruled.

The decree will be affirmed.

*Affirmed.*