# HUGH S. GWIN, EXECUTOR, ETC.

## V.

# H. T. N. GRAVES, ET AL.

Record No. 821579

September 6, 1985

Present: Carrico, C.J., Cochran, Poff, Compton, Russell, Thomas, JJ., and Gordon, Retired Justice

*John Christopher Singleton (Collins & Singleton,* on briefs), for appellant.
*Roscoe Bolar Stephenson, III (Kostel, Watson, Snyder & Pasco,* on brief), for appellees.

COCHRAN, J., delivered the opinion of the Court.

This appeal involves the disputed ownership of a restored 1908 Delaunay Belleville automobile, manufactured in France. The vehicle, on display since 1957 in an antique car museum in Luray, remains titled in the name of H. M. Tschudy, who died intestate without issue in 1962 leaving as his sole heir-at-law his wife, Margaret, who died testate in 1979.

Hugh S. Gwin, executor of Margaret's estate, brought this action in detinue against H. T. N. Graves, seeking return of the automobile and an accounting for the income derived from its exhibition. In his grounds of defense, Graves alleged that Tschudy had given him the car or, alternatively, that he acquired ownership by "adverse possession." At trial before the court, without a jury, the motion for judgment was amended, without objection, to add as a party defendant Car and Carriage Caravan, Inc. After hearing the evidence, the trial court ruled that, although the evidence failed to establish a completed gift to Graves, in 1973 Graves claimed the car under an oral promise of Tschudy and under "color of title," that the applicable statute of limitations of

five years began to run in 1973, and that the executor's action, therefore, was barred. We do not agree with this ruling.

Gwin testified that as executor of Margaret's estate he had reported the car as an asset of the estate at a valuation of $10,000. Graves, called as an adverse witness by the executor, testified that he was the principal stockholder of Car and Carriage Caravan, Inc., that in effect he was the corporation. He acknowledged having received the car from Tschudy in 1956 on "indefinite extended loan." When the corporation was incorporated in 1957, the car was displayed with others in the museum operated by the corporation. Admission tickets to the museum are sold.

Graves testified that Car and Carriage Caravan, Inc., owned the car because Tschudy told him he was going to leave it to him in his will and later Graves conferred with Margaret about it. Graves conceded that he had never made any effort to obtain title from the Division of Motor Vehicles. A certified copy of the title certificate, showing the title to be in Tschudy's name, was introduced as an exhibit. Graves said a placard orginally identified the car on display as "now here through the courtesy of Mr. Harry M. Tschudy" but the placard was later reworded to read "presented by" Tschudy and, after Tschudy's death, to "presented by the late Harry M. Tschudy."

After defendants' motion to strike plaintiff's evidence had been denied, Graves testified in greater detail as a witness for defendants. He had known Tschudy and the car since 1935 but the car had not been used or operated since 1937 or 1938. After a conversation with Tschudy in which Tschudy suggested that Graves borrow the car, restore it, and exhibit it, Graves did so, transporting the vehicle, then in dilapidated condition, to Luray by truck. Two or three months after the antique car museum opened in 1957, Tschudy stopped by to see it. Graves testified that Tschudy was so delighted with the restoration job that he told Graves he was going to leave the car to him "in his will." According to Graves, Tschudy never requested return of the car.

Robert Harnsberger, vice-president and director of Car and Carriage Caravan, Inc., corroborated Graves's testimony. He testified that Tschudy, "elated" with the automobile and the exhibit, said to Graves about the car, "This is where it should stay and I am going to will it to you, leave it to you in my will."

The evidence showed that Margaret filed an inheritance tax return for Tschudy's estate but did not include the car as an asset of

the estate. She did not discuss the car with Graves until a series of communications in 1973. Prompted by inquiries from a man who was interested in purchasing the automobile, Margaret, then about 80 and in poor health, wrote Graves in July about the car: "No doubt you still have it, am I right? . . . I can always use a bit more [money] . . . . Do you still feel you want to keep it?"

In August, she wrote her nephew for assistance in dealing with Graves:

I remember [Harry] told them if he never came for it, to keep it but I wrote them asking [if] they still had it and what they [thought] it was worth. I have an idea they feel I expect them to pay me something . . . . I wish you could be here when they come . . . . Am sure you could handle him better than I. Never could sell anything for myself . . . .

Graves and Harnsberger went to Margaret's house in Warm Springs in late August or early September to discuss the car with her. Margaret asked what her husband had said about the automobile. They recounted Tschudy's promise to will the car to Graves, and Margaret replied, "if that's what Harry wanted, that's the way it will be." Graves testified that Margaret never again mentioned the car to him. In his opinion, at the time of trial, the car could be sold for $12,000 to $13,000.

 Detinue is a possessory action by which a party seeks recovery of a specific item of personal property and any damages occasioned by the wrongful detainer of the property. *See Vicars v. Discount Company,* 205 Va. 934, 938, 140 S.E.2d 667, 670 (1965); *MacPherson v. Green,* 197 Va. 27, 32, 87 S.E.2d 785, 789 (1955); *Talley v. Drumheller,* 135 Va. 186, 190-91, 115 S.E. 517, 518 (1923). Graves, holding rightful possession of the car under loan, was a bailee. *See K-B Corporation v. Gallagher,* 218 Va. 381, 384, 237 S.E.2d 183, 185 (1977). Where property is in the possession of a bailee, a cause of action in detinue accrues upon a demand and refusal to return the property or upon a violation of the bailment contract by an act of conversion. *Stevenson v. Jones,* 142 Va. 391, 394, 128 S.E. 568, 569 (1925). The evidence in the record is insufficient to establish either demand by Margaret for return of the automobile or conversion of the car by Graves.

Margaret's letter to Graves in July of 1973 did not constitute a demand for return of the car. She invited Graves to discuss possi-

ble terms for sale of the car, but she did not require that he purchase the car or return it to her.

Graves's statements to Margaret did not amount to a claim of ownership. Instead, they revealed his belief that he would eventually be made the owner of the car in return for his efforts in restoring and exhibiting it. This conversation cannot be construed to be an assertion of a hostile claim of right by Graves. Hence, no cause of action in detinue accrued in 1973.

Nor can Graves rely on his actions in changing the placards at the exhibition site to establish a claim of ownership. He may have mistakenly believed that Tschudy had completed a gift to him at the time he promised to leave the car to him, but such a belief, uncommunicated to Tschudy or Margaret, would be insufficient to constitute a claim of ownership giving rise to a cause of action by either of the Tschudys for return of the property. Furthermore, Graves does not contend that he owns the property under a binding contract to bequeath the car to him by will, as no consideration was given in return for Tschudy's promise. Nor is there any contention that there was consideration for Margaret's promise, if, indeed, her words are so construed, to have her husband's intent effectuated.

■ The record is devoid of evidence that Margaret ever demanded return of the car. Rather, its return was first sought by her executor in 1980, and this action was instituted several months later. The cause of action did not accrue until demand was made by the executor in 1980. Therefore, the statute of limitations, whether five years under Code § 8.01-243 and its predecessor Code § 8-24, as the trial court ruled, or one year under Code § 8.01-248, as Gwin's counsel suggested in oral argument, did not bar the action; we need not determine which statute was applicable. On the record before us, we hold that Gwin established ownership of the car.

In view of our holding in favor of Gwin, it is unnecessary to answer his contention that Graves's testimony was not corroborated and under Code § 8.01-397 could not form the basis for entry of judgment in favor of the defendants. For purposes of this opinion, we have treated the testimony of Graves as corroborrated and have considered all the evidence.

We will reverse the judgment of the trial court dismissing the action and remand the case for further proceedings consistent with the views expressed in this opinion.

*Reversed and remanded.*