905 F.2d 1530
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Edward A. MILLER, Jr.; Maria V. Van Horn, Plaintiffs-Appellants,
v.
FRUIT OF THE LOOM, INC., Defendant-Appellee,
and
Chicago Pacific Corporation, Defendant.
 No. 89-2196.
 United States Court of Appeals, Fourth Circuit.
 Submitted April 10, 1990.
Decided May 8, 1990.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Claude M. Hilton, District Judge. (CA-89-88-A))
 John A. Rosenthall, Rosenthall & Roane, Alexandria, Va., for appellants.
 Walley T. Dudley, Amy T. Holt, McGuire, Woods, Battle & Boothe, McLean, Va., for appellee.
 E.D.Va.
 AFFIRMED.
 Before K.K. HALL, CHAPMAN and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 This action comes before the court on the plaintiffs' appeal from the order of summary judgment entered in the District Court for the Eastern District of Virginia. Judge Hilton's order granting summary judgment held that Virginia's statute of limitations barred the plaintiffs' suit. Since we find ourselves in agreement with the district court on the question of when the plaintiffs' cause of action accrued, we affirm.
 
 I.
 
 2
 The plaintiffs, Maria V. Van Horn and her father, Edward A. Miller, Jr., filed suit against Chicago Pacific Corp. and Fruit of the Loom, Inc., alleging that the defendants had wrongfully detained and converted certain stock that Miller had owned as custodian for his daughter. The contested stock consisted of 100 shares of the Chicago, Rock Island and Pacific Railroad Company that Miller had purchased for his daughter in 1974. At the same time, Miller had also purchased 100 shares of the stock for his son, Michael A. Miller. The stock of both children was represented by certificates of deposit issued to Edward Miller as the custodian for his children.
 
 
 3
 At the time that the certificates of deposit were issued, the defendants' agent mistakenly credited the son's account with 200 shares of stock--the son's 100 shares as well as the 100 shares that should have been credited to the daughter's account. Although this mistake occurred in 1974, none of the parties discovered it until May of 1984. On February 12, 1982, before the mistake had come to light, Ferris & Company, Inc., acting on behalf of the son's account, forwarded the certificate representing the son's stock to the defendant for the purpose of redeeming it. On February 19, Fruit of the Loom delivered a stock certificate for 200 shares of Rock Island common stock to Ferris' Stock Transfer Department for the son's account. Of these 200 shares, 100 belonged to the daughter.
 
 
 4
 In May 1984, Ferris forwarded the daughter's certificate of deposit to the defendants. It was only then that the defendants discovered the error that had caused them to issue the daughter's shares to the son. Having discovered the error, the defendants refused to issue to the daughter the stock that her certificate represented. The plaintiffs--the daughter and her father who served as custodial owner of the stock--filed suit on January 19, 1989. At a hearing on the defendants' motion for summary judgment, the district court ruled that, since the plaintiffs filed suit more than five years after their cause of action accrued, the applicable Virginia statute of limitations, Va.Code Ann. Sec. 8.01-243(B) (Michie 1950 & Supp.1989), barred their action. The plaintiffs now appeal.
 
 II.
 
 5
 The appellants' primary argument before this court is that their cause of action did not accrue until May of 1984 when the defendants refused the plaintiffs' demand for the stock that the daughter's certificate of deposit represented. We hold that this argument fails to comport with the applicable law.
 
 
 6
 From 1974 until February of 1982, defendant Fruit of the Loom held rightful possession of the plaintiffs' stock. Under this arrangement, a bailment arose: "it is the element of lawful possession, however created, and duty to account for the thing as the property of another that creates the bailment, regardless of whether or not such possession is based on contract in the ordinary sense." K-B Corp. v. Gallagher, 218 Va. 381, 384, 237 S.E.2d 183, 185 (1977) (quoting Crandall v. Woodard, 206 Va. 321, 327, 143 S.E.2d 923, 927 (1965)). When property is in the possession of a bailee, "a cause of action in detinue accrues upon a demand and refusal to return the property or upon a violation of the bailment contract by an act of conversion." Gwin v. Graves, 230 Va. 34, 37, 334 S.E.2d 294, 297 (1985) (citing Stevenson v. Jones, 142 Va. 391, 394, 128 S.E. 568, 569 (1925)) (emphasis added). The Supreme Court of Virginia has stated that "[a]ny distinct act of dominion wrongfully exerted over the property of another, and in denial of his rights, or inconsistent therewith, may be treated as a conversion and it is not necessary that the wrongdoer apply the property to his own use." Universal C.I.T. Credit Corp. v. Kaplan, 198 Va. 67, 76, 92 S.E.2d 359, 365 (1956) (emphasis added); see also Stevenson, 142 Va. at 393, 128 S.E. at 569-70 (holding that conversion occurred when bailee transferred stock she was holding to one to whom the stock did not belong).
 
 
 7
 Here, a conversion occurred when defendant Fruit of the Loom transferred the daughter's stock to the son's account at Ferris & Co. This transaction constituted a wrongful exertion of dominion over the daughter's stock and was inconsistent with her rights in the property. See Universal Credit Corp., 198 Va. at 76, 92 S.E.2d at 365. It was therefore unnecessary for the daughter to demand the return of her stock in order for her cause of action to accrue. The actionable conversion occurred on February 19, 1982, the date of the transfer, and it is from that date that the statute of limitations began to run. The five-year statute clearly serves as a bar to the action that the plaintiffs filed in 1989.
 
 
 8
 The appellants argue that the statute cannot have begun to run in 1982 because the defendants' act of conversion did not come to light until 1984. In essence, the appellants argue for a discovery rule in connection with the statute of limitations. Whatever the wisdom of such a rule, one does not exist in Virginia. The statute clearly states that the limitations period begins to run at the time the cause of action accrues, not at the time that it is discovered. Va.Code Ann. Sec. 8.01-243(B) (Michie 1950 & Supp.1989). Since the Virginia courts have declined to adopt a discovery rule, this court, sitting in diversity, may not do so in their stead. See Locke v. Johns-Manville Corp., 221 Va. 951, 959, 275 S.E.2d 900, 905-906 (1981); Comptroller of Va. ex rel. Virginia Military Inst. v. King, 217 Va. 751, 760, 232 S.E.2d 895, 900 (1977).
 
 
 9
 Finally, the appellants assert that the district court's summary judgment on the question of the statute of limitations was inappropriate because a material issue of fact existed with respect to whether the shares of stock transferred to the brother's account actually belonged to the daughter. The appellants base their argument on a letter in the record which bore the date March 5, 1984, and in which Fruit of the Loom stated that it continued to hold the 100 shares of stock belonging to the daughter. Fruit of the Loom wrote this letter before it had discovered the bookkeeping error that gave rise to this action. At the time, Fruit of the Loom clearly believed that it still held the daughter's stock. However, the communication of this erroneous belief to the plaintiffs did not change the fact that Fruit of the Loom had inadvertently transferred the daughter's stock to the son. Uncontradicted evidence in the record shows that it was indeed the stock represented by the daughter's certificate of deposit that was transferred to the son on February 19, 1982. This being the case, it was not error for the district court to grant summary judgment. No genuine issue of material fact existed: it was clearly the daughter's stock, not that of some unidentified third party, that Fruit of the Loom transferred to the son's account.
 
 
 10
 Since our review of the record reveals no point on which the district court erred, we affirm the grant of summary judgment. In this matter, we have dispensed with oral argument because the facts and legal contentions of the parties are adequately presented in the materials before the court and oral argument would not have aided in our decision.
 
 
 11
 AFFIRMED.