COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Chief Judge Decker, Judges Beales and Lorish
Argued at Richmond, Virginia

THE ESTATE OF JOSEPH WILLIAMS AND
  GARY WILLIAMS

                                                    MEMORANDUM OPINION* BY
v.        Record No. 0708-23-2                      JUDGE LISA M. LORISH
                                                    JULY 23, 2024
GLENN LEO WILLIAMS

FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
Claire G. Cardwell, Judge

Joshua Akil (The Barber Law Firm, PLLC, on brief), for appellants.

Alan F. Duckworth (Brenda L. Page; Page Law Firm, P.C., on brief),
for appellee.

Gary Williams, acting on his own behalf and on behalf of the estate of Joseph Williams,

filed a warrant in detinue action against his brother, Glenn Williams. A warrant in detinue is an

action to recover specific personal property that has been wrongfully detained by another. The

target of Gary's warrant in detinue was money in the amount of $114,873.63 that Glenn

transferred from the bank accounts of the brothers' elderly father, Joseph Williams, before

Joseph's death. We agree with the circuit court that a warrant in detinue is an improper action to

recover an amount of money an aggrieved party argues he is owed.

BACKGROUND

Gary Williams and Glenn Williams are brothers. Their father, Joseph Williams, died in

2018. In June 2022, Gary filed a warrant in detinue action against Glenn. The warrant in detinue

---

* This opinion is not designated for publication. *See* Code § 17.1-413(A).

alleged that Glenn "transferred at least $114,873.63" of Joseph's money to Glenn's bank accounts in 2015, "allegedly at the direction" of Joseph and under power of attorney. Gary alleged that he only "became constructively aware of this transfer" in June 2020, that "[t]hese funds remain in the possession of" Glenn, and that Glenn "manifested an intent to convert this Personal Property." The warrant in detinue asked the circuit court to order Glenn to "return these [f]unds to the Estate." Glenn raised a statute of limitations defense in his answer, and also demurred because a warrant in detinue was an improper action for the relief requested. The circuit court granted the demurrer and allowed Gary to file an amended pleading within 21 days.

Gary then filed a nearly-identical warrant in detinue. While his first warrant alleged that Joseph "transferred *at least* $114,873.63," (emphasis added), the amended warrant in detinue alleged that Joseph "transferred 114,873.63" to Glenn. Glenn filed a plea in bar asserting a statute of limitations defense and again demurred on the grounds that a detinue action was improper because Gary was not seeking specific property.

The circuit court held that a detinue action was improper because Gary sought deposited money and that, even if it were a proper action, the statute of limitations began to run on the date the property was transferred in 2015. Thus, any relevant statute of limitations would have run by the time of filing in 2022. As a result, the circuit court sustained the demurrer and granted the plea in bar.

ANALYSIS

Gary argues on appeal that the circuit court erred in holding that his detinue action was improper because money is personal property subject to a detinue action. He also argues that the statute of limitations was triggered only when he found out about the transfer of funds, and not when the transfer actually occurred.

This Court reviews a circuit court's decision to sustain a demurrer de novo." *Givago Growth, LLC v. iTech AG*, 300 Va. 260, 264 (2021). "A demurrer tests the legal sufficiency of the facts alleged in a complaint assuming that all facts alleged therein and all inferences fairly drawn from those facts are true." *Id.* We further "interpret those allegations in the light most favorable to the plaintiff." *Taylor v. Aids-Hilfe Koln e.V.*, 301 Va. 352, 357 (2022) (quoting *Coward v. Wellmont Health Sys.*, 295 Va. 351, 358 (2018)).

The purpose of filing a warrant in detinue is "to recover personal property unlawfully withheld from the plaintiff." Code § 8.01-114. In 1842, our Supreme Court explained that actions for detinue had fallen out of use in England and had "seldom been resorted to in modern times." *Martin v. Martin*, 39 Va. (12 Leigh) 495, 499-500 (1842). But the action was revived because of "[t]he importance of slave property" and the unique "attachment springing up between master and slave," where "no damages would compensate for the loss." *Id.* at 500. Despite the abhorrent origins of this revival, actions in detinue are now regularly used in the Commonwealth to recover specific personal property, and a series of statutes govern the process for proceeding in detinue. *See* Code §§ 8.01-114 to -123.

Our caselaw makes plain that detinue is about specific items of property, not money damages. It is "a possessory action by which a party seeks recovery of a specific item of personal property and any damages occasioned by the wrongful detainer of the property." *Gwin v. Graves*, 230 Va. 34, 37 (1985). "The gist of an action of detinue is unlawful detainer of the specific property sued for—not any other property, and not a money obligation due from the defendant to the plaintiff." *MacPherson v. Green*, 197 Va. 27, 33 (1955) (quoting *Va. Land Immigr. Bureau v. Perrow*, 119 Va. 831, 836 (1916)). "The goods which it is sought to recover [] must be capable of being distinguished from all others, as a particular horse [or] a cow . . . but not for a bushel of grain." *Detinue*, *Bouvier Law Dictionary* (2012 ed.).

Gary's amended warrant did not seek a "specific item." Instead, Gary sought a specific amount of money that Glenn, acting under power of attorney before Joseph died, transferred out of Joseph's bank accounts. Rather than making a claim for a specific chattel, Gary sought a general amount of money for which he argues Glenn failed to sufficiently account.[1] What is more, the amended warrant did not identify any specific property to which Gary, as distinct from Joseph's estate, had any immediate claim, or even any specific property to which Gary would eventually be entitled once Joseph's estate was distributed.[2] Indeed, the amended warrant did not even specify how much money Gary would receive from the estate if the funds at issue were returned to it. It likewise failed to allege that Glenn had wrongfully withheld any money from Gary, but only that Glenn had failed to sufficiently prove that Joseph intended to give Glenn the funds. Whatever concerns Gary may have about the transaction that occurred in 2015 cannot fit within the shape of a warrant in detinue.[3] Thus, the circuit court did not err in sustaining the demurrer.[4]

---

[1] In reaching this conclusion, we do not reach the question of whether a warrant in detinue may be used to obtain a specific and identifiable pool of funds.

[2] While Gary named both himself and "The Estate of Joseph Williams" as petitioners, the amended warrant does not identify a basis from which Gary allegedly represents the estate.

[3] Where an heir suspects the mismanagement of funds, an action for a statutory accounting under the Uniform Power of Attorney Act or for an equitable accounting may be viable. *See, e.g.*, *Phillips v. Rohrbaugh*, 300 Va. 289, 305 (2021); Code § 64.2-1614(A)(5).

[4] Gary also argues that the circuit court erred in finding that the statute of limitations barred his claim. Because we affirm the circuit court's decision on the demurrer, we need not address the circuit court's alternative ground to dismiss Gary's suit, and we decline to consider the statute of limitations issue raised in this case. *Abdo v. Commonwealth*, 64 Va. App. 468, 473 n.1 (2015) ("Our jurisprudence requires us to seek 'the best and narrowest ground available' for our decision." (quoting *Armstead v. Commonwealth*, 56 Va. App. 569, 576 (2010))).

## CONCLUSION

For these reasons, we affirm the circuit court's judgment.

*Affirmed.*