COURT OF APPEALS OF VIRGINIA


Present:  Judges Willis, Lemons[*] and Frank


NEWPORT NEWS SHIPBUILDING AND
 DRY DOCK COMPANY

                                              OPINION BY
v.    Record No. 1302-99-1        JUDGE JERE M. H. WILLIS, JR.
                                           MARCH 28, 2000
MICHELLE BARNES


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            (Jonathan H. Walker; Mason, Cowardin & Mason,
            on brief), for appellant.  Appellant
            submitting on brief.

            (Robert E. Walsh; Rutter, Walsh, Mills &
            Rutter, L.L.P., on brief), for appellee.
            Appellee submitting on brief.


     On appeal from a decision of the Workers' Compensation

Commission awarding Michelle Barnes benefits for a knee injury,

Newport News Shipbuilding and Dry Dock Company ("Newport News")

contends (1) that the evidence was insufficient to support a

finding that the injury was compensable, (2) that the commission

erred in finding that Barnes gave her supervisor notice of the

injury, and (3) that the commission erred in holding that Code

§ 65.2-510(C) did not operate to deny Barnes benefits.  For the

---

[*] Justice Lemons participated in the decision of this case prior to his investiture as a Justice of the Supreme Court of Virginia.

reasons set forth herein, we reverse the judgment of the commission and remand the case to it.

## I. Sufficiency of the Evidence

Newport News contends that the evidence was insufficient to support the finding that Barnes sustained a compensable injury. Arguing that at most she suffered cumulative trauma, Newport News asserts that the evidence that Barnes was involved in any type of accident on November 13, 1989 is incredible as a matter of law.

"On appellate review, [the court will] construe the evidence in the light most favorable to the party prevailing below." States Roofing Corp. v. Bush Constr. Corp., 15 Va. App. 613, 616, 426 S.E.2d 124, 126 (1993). "In determining whether credible evidence exists, the appellate court does not retry the facts, reweigh the preponderance of the evidence, or make its own determination of the credibility of the witnesses." Wagner Enters., Inc. v. Brooks, 12 Va. App. 890, 894, 407 S.E.2d 32, 35 (1991).

While the record contains discrepancies as to the nature of the injury, sufficient evidence supports the finding that Barnes suffered the injury when she slipped and landed hard on both knees. "[I]t is fundamental that a finding of fact made by the [c]ommission is conclusive and binding upon this court on review. A question raised by conflicting medical opinion is a

- 2 -

question of fact." Commonwealth v. Powell, 2 Va. App. 712, 714, 347 S.E.2d 532, 533 (1986).

Both Barnes and Cleo Hayes described Barnes' fall and injury. The commission heard evidence that Hayes was a disgruntled former employee and that Barnes' supervisor had no recollection of the accident. It was the commission's duty and function to weigh the evidence and to determine the credibility of the witnesses. It chose to believe Barnes and the witnesses supporting her account of the injury. Because credible evidence supports the commission's finding, we will not overturn that finding on appeal.

## II. Notice Requirement of Code § 65.2-600

Newport News next contends that the commission erred in finding that Barnes gave the required notice of her injury. Code § 65.2-600 provides that:

> Every injured employee or his representative shall immediately on the occurrence of an accident or as soon thereafter as practicable, give or cause to be given to the employer a written notice of the accident.

Code § 65.2-600(A).

Lack of written notice, however, does not bar recovery if the employer has actual notice of the injury and is not prejudiced. See Code § 65.2-600(E). "'[W]here there was no written notice but . . . where a foreman or superior officer had actual knowledge of the . . . accident or death within a

- 3 -

reasonable time after the accident or death occurred and no prejudice to the employer's rights was shown, this was sufficient notice under this provision of the statute.'" Kane Plumbing v. Small, 7 Va. App. 132, 138, 371 S.E.2d 828, 832 (1988) (citation omitted) (decided under former Code § 65.1-85).

The commission found that Barnes' supervisor, Leon Callis, had actual knowledge of the accident and the ensuing injury. Callis testified that he did not recall any accident report by Barnes. However, Barnes testified that she told him about the injury. "The fact that there is contrary evidence in the record is of no consequence if there is credible evidence to support the commission's finding." Wagner, 12 Va. App. at 894, 407 S.E.2d at 35. Furthermore, the record discloses no prejudice to Newport News resulting from Barnes' failure to give written notice of the accident and injury.

### III.  Refusal of Selective Employment

Newport News asserts that Barnes unjustifiably refused employment and did not cure that refusal within six months. It contends that Code § 65.2-510(C) bars her entitlement to benefits.

Barnes could not return to work after her various knee surgeries. Her treating physician did not clear her even for light work associated with her cleaning job at Newport News. Roena Hamilton, a vocational rehabilitation counselor, helped

Barnes prepare a resume and obtained for her an interview on July 28, 1995 for a secretarial position. Barnes, however, missed the interview, explaining that she had attended a family funeral. Barnes finally accepted a new job in January, 1997.

Newport News argues that Barnes' failure to attend the July 28, 1995 job interview was an unjustified refusal of selective employment which she failed to cure within six months, and that Code § 65.2-510(C) bars her entitlement to benefits. Citing Selman v. McGuire Group Services, Inc., V.W.C. File No. 156-44-63 (January 16, 1998), the commission held "that Section 65.2-510(C) has no application here, where the employer merely alleges that the claimant failed to cooperate with the vocational rehabilitation efforts of the employer. There is no evidence that the employer ever procured a job suitable to the claimant's residual capacity or that Barnes ever refused such a job offer." The commission erred.

In Johnson v. City of Clifton Forge, 7 Va. App. 538, 375 S.E.2d 540 (1989), we considered whether negative conduct by a claimant at a new job interview, such that it prevented the offer of a new job, could constitute an unjustified refusal of selective employment, invoking former Code § 65.1-63 (denying compensation to an injured employee who unjustifiably refuses employment procured for him suitable to his capacity). We held:

> Code § 65.1-63 would be rendered meaningless
> if an employee could defeat its provisions

by purposefully conducting himself in an interview so as to insure that an employer would not make an offer of employment. In addition, where an employee had undergone vocational rehabilitation training pursuant to Code § 65.1-88, this Code Section also could be rendered meaningless and ineffective if the employee could ultimately defeat selective employment by his negative conduct at a job interview. Finally, the commission has the ability to weigh the evidence in a given case to determine whether an employee has purposely conducted a job interview to prevent an offer and ultimate employment from being procured by the employer. For these reasons, we hold where the commission determines on sufficient credible evidence that an employee unjustifiably refuses to cooperate with the placement efforts of the employer, such conduct is tantamount to an unjustified refusal of selective employment under Code § 65.1-63 and an actual offer of employment is not a prerequisite to a finding of such refusal.

Id. at 547, 375 S.E.2d at 546.

We hold that Code § 65.2-510 and the rationale of Johnson apply to this case. However, because the commission did not consider, on their merits, the nature and prospects of the job interview, the justification asserted by Barnes for missing the interview, and whether her missing the interview amounted to an unjustified refusal of procured employment under the holding in Johnson, we remand this case to the commission for determination of the merits of those issues.

The judgment of the commission is reversed and remanded.

Reversed and remanded.

- 6 -