COURT OF APPEALS OF VIRGINIA

Present:  Chief Judge Fitzpatrick, Judges Benton and Kelsey
Argued at Richmond, Virginia


JOHANNA ALLYN

MEMORANDUM OPINION[*] BY
v.    Record No. 1889-02-2            JUDGE D. ARTHUR KELSEY
                                      FEBRUARY 11, 2003

HANOVER COUNTY SOCIAL SERVICES AND
 VIRGINIA MUNICIPAL GROUP
 SELF-INSURANCE ASSOCIATION


             FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

          William C. Herbert, III, for appellant.

          Ralph L. Whitt, Jr. (Michael P. Del Bueno;
          Whitt & Associates, on brief), for appellees.


     Johanna Allyn appeals a decision of the Virginia Workers'

Compensation Commission denying her claim for benefits because

she did not provide timely notice to her employer as required by

Code § 65.2-600(D) and offered no reasonable excuse for failing

to do so.  Finding no error in the commission's decision, we

affirm.

                              I.

     On appeal, "we view the evidence in the light most favorable

to the prevailing party" and grant that party the benefit of all

reasonable inferences.  Tomes v. James City (County Of) Fire, 39

Va. App. 424, 429, 573 S.E.2d 312, 315 (2002); Grayson County

---

     * Pursuant to Code § 17.1-413 this opinion is not
designated for publication.

<u>Sch. Bd. v. Cornett</u>, 39 Va. App. 279, 281, 572 S.E.2d 505, 506 (2002).

In 1999, Allyn worked as an Administrative Manager for Hanover County Social Services ("Hanover"). One of her duties included managing an emergency shelter for county residents in the event of a natural disaster. When Hurricane Floyd approached Virginia on September 16, 1999, Allyn began making preparations to operate a shelter at Patrick Henry High School. Early that morning, Allyn's husband drove her to the high school and helped her unload boxes from the car. While carrying a box into the shelter, he slipped on the wet floor and suffered a severe head injury.

Allyn witnessed her husband's fall and claims to have been emotionally traumatized by it. Shortly after her husband's accident, Allyn visited her family physician, Dr. Donald Ganley, complaining of shortness of breath. Dr. Ganley attributed her symptoms to "'tremendous stress' resulting from her husband's injury" and referred her to Julia Frischtick, a licensed clinical social worker.

Frischtick first saw Allyn on October 13, 1999. Frischtick noted that Allyn had "increased trouble dealing with husband's accident – PTSD?" After two additional appointments, Frischtick concluded that Allyn's symptoms were intensifying and referred her to Dr. Anne Sitarz, a licensed clinical psychologist, for additional treatment. In making this referral, Frischtick felt

the condition was "not anything I can deal with, this is trauma resolution, and I need for you to see somebody else."

During her first appointment with Dr. Sitarz on November 9, 1999, Allyn stated on the Adult Registration Form, "Major reason for seeking help at this time: 'husband's accident very unsettling, need help coping w/trauma.'" After evaluating Allyn, Dr. Sitarz "concurred with Ms. Frischtick that [Allyn] had indeed post-traumatic stress disorder, and she had all the symptoms to qualify for that diagnosis." Dr. Sitarz also concluded that Allyn's condition was "caused by the accident her husband had at Patrick Henry."

Donna Douglas, Allyn's supervisor, was aware of the injury sustained by Allyn's husband the day it happened. Douglas, however, did not learn of any alleged psychological injury to Allyn until at least January 27, 2000, when Douglas became aware of the PTSD diagnosis. No other evidence showed that Hanover knew, prior to January 27, 2000, of any psychological injury to Allyn arising out of her husband's fall.

The deputy commissioner denied Allyn's claim, finding that "the evidence establishes without contradiction that the employer [Douglas] first learned of the claimant's injury [PTSD] on January 27, 2000, more than four months after the hurricane events, and more than three months after the diagnosis of PTSD attributable to the events that day . . . ." (bracketed material in original). Because Allyn offered no evidence,

- 3 -

"testimonial or otherwise, to explain or justify this delay in reporting her injury," the deputy commissioner ruled that the claim was barred by the 30-day notice requirement of Code § 65.2-600. On appeal, the full commission affirmed, holding that "the deputy commissioner correctly found that the Claim was barred by Code § 65.2-600."

## II.

On appeal, we defer to the commission in its role as fact finder. VFP, Inc. v. Shepherd, 39 Va. App. 289, 292, 572 S.E.2d 510, 511-12 (2002). "If supported by credible evidence, the factual findings of the commission are binding on appeal." Tomes, 39 Va. App. at 430, 573 S.E.2d at 315 (citation omitted). When "determining whether credible evidence exists," we cannot "retry the facts, reweigh the preponderance of the evidence, or make [our] own determination of the credibility of the witnesses." Wagner Enters. v. Brooks, 12 Va. App. 890, 894, 407 S.E.2d 32, 35 (1991). In addition, the commission's "conclusions upon conflicting inferences, legitimately drawn from proven facts, are equally binding on appeal." Watkins v. Halco Eng'g, Inc., 225 Va. 97, 101, 300 S.E.2d 761, 763 (1983).

Unless it involves a statutory interpretation or other exposition of legal principle, the issue of timely notice ordinarily poses a question of fact. See, e.g., State Farm Fire & Cas. Co. v. Scott, 236 Va. 116, 120-21, 372 S.E.2d 383, 385 (1988) ("[W]hether notice was given within a reasonable time

- 4 -

after the accident was a question to be resolved by the fact finder based upon all the facts and circumstances."); Lord v. State Farm, 224 Va. 283, 284, 295 S.E.2d 796, 797 (1982) (The "question of timely notice is usually for the fact-finder to determine . . . .").

### III.

Code § 65.2-600(A) requires an employee to "immediately on the occurrence of an accident or as soon thereafter as practicable, give or cause to be given to the employer a written notice of the accident."  Under § 65.2-600(B), the notice must state "the nature and cause of the accident and the injury."[1] Subsection D sets a time limit for the required notice:

> No compensation or medical benefit shall be payable unless such written notice is given within thirty days after the occurrence of the accident or death, unless reasonable excuse is made to the satisfaction of the Commission for not giving such notice and the Commission is satisfied that the employer has not been prejudiced thereby.

Code § 65.2-600(D).

The commission found that Allyn did not give notice to her employer within this 30-day period.  Ample evidence supports the

---

[1] The notice need not be in writing "if the employer has actual notice through a foreman or other superior officer." Goodyear Tire & Rubber Co. v. Harris, 35 Va. App. 162, 171, 543 S.E.2d 619, 623 (2001); Newport News Shipbuilding & Dry Dock Co. v. Barnes, 32 Va. App. 66, 70, 526 S.E.2d 298, 300 (2000); Kane Plumbing, Inc. v. Small, 7 Va. App. 132, 138, 371 S.E.2d 828, 832 (1988).

commission's decision on this issue.  The finding that Allyn had "knowledge of the injury" on November 9, 1999, rests securely on Allyn's testimony as well as the records of Ms. Frischtick and Dr. Sitarz.  The evidence also demonstrated that "the employer first learned of the claimant's injury on January 27, 2000, more than four months after the hurricane events, and more than three months after the diagnosis of PTSD attributable to the events that day . . . ."  Though Hanover knew about the accident involving Allyn's husband on the day it happened, Hanover knew nothing about Allyn's alleged psychological injury until months afterwards.

Having failed to give timely notice, Allyn bore the burden of proving "a reasonable excuse" for the delay.  Bogese Builder v. Robertson, 17 Va. App. 700, 706, 440 S.E.2d 622, 626 (1994); see also Wagner Enters., 12 Va. App. at 896, 407 S.E.2d at 36; Lucas v. Research Analysis Corp., 209 Va. 583, 586, 166 S.E.2d 294, 296 (1969).  On this issue, the deputy commissioner found that Allyn "offered no evidence, testimonial or otherwise, to explain or justify this delay in reporting her injury."  The full commission agreed, noting that no evidence supported Allyn's claim that "she was prevented by her injury from providing proper notice."  Credible evidence in the record supports the commission's findings.

IV.

In its capacity as fact finder, the commission properly held that Allyn did not provide timely notice under Code § 65.2-600(D) and offered no reasonable excuse for failing to do so. Finding no error in the commission's decision, we affirm.[2]

Affirmed.

---

[2] The appellees, Hanover County Social Services and its insurer, Virginia Municipal Group Self-Insurance Association, assign cross-error to the commission's finding that Allyn's PTSD arose from her employment. Given our holding, we need not address the issues stemming from the assignment of cross-error.