COURT OF APPEALS OF VIRGINIA

Present:  Judges Humphreys, Beales and Senior Judge Annunziata
Argued at Salem, Virginia

MEIDAN, INCORPORATED AND TECHNOLOGY
  INSURANCE COMPANY

v.       Record No. 0067-13-3

TINA LEAVELL

OPINION BY
JUDGE RANDOLPH A. BEALES
OCTOBER 22, 2013

FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

S. Vernon Priddy, III (Two Rivers Law Group, P.C., on briefs), for
appellants.

Philip B. Baker (Sanzone & Baker, L.L.P., on brief), for appellee.

Meidan, Incorporated and its insurer (collectively, employer) appeal the decision of the

Workers' Compensation Commission (the commission) awarding benefits to the claimant, Tina

Leavell.  Employer claims that the commission erred in finding (1) that employer could have

appealed the commission's first review opinion, (2) that the commission's findings in its first

review opinion were the "law of the case," and (3) that Leavell provided timely notice of the

workplace accident that resulted in her injury.  For the following reasons, we affirm the

commission in this case.

I. BACKGROUND

"On appeal from the commission, we view the evidence in the light most favorable to

[Leavell], the party prevailing below."  Starbucks Coffee Co. v. Shy, 61 Va. App. 229, 233, 734

S.E.2d 683, 685 (2012).  The evidence here establishes that Leavell was injured at work while

stacking cases of beer and that she told her supervisor, Nasser Abuiznied, about the injury on the

day it occurred.  Abuiznied filed an employer's accident report with the commission on April 15,

2009 that reported this injury. In her initial claim for benefits that she filed with the commission, Leavell alleged that her workplace injury occurred on April 9, 2009. She later sought and received leave to amend her claim to allege an injury date of April 2, 2009. Following an evidentiary hearing, the deputy commissioner found that Leavell suffered a compensable injury. On full commission review, employer asserted, *inter alia*, that Leavell's claim should be barred because she failed to provide timely written notice of her injury.

The commission unanimously affirmed the deputy commissioner's findings on November 30, 2011 (first review opinion). However, in its first review opinion, the commission also remanded the matter to the deputy commissioner to address whether claimant was eligible for disability payments – an issue that is not pertinent to this appeal. Following the deputy commissioner's decision on remand, employer again sought full commission review. Pertinent to this appeal, employer's written statement challenged findings from the commission's *first* review opinion – including the commission's finding that Leavell provided timely notice of her injury.

On December 10, 2012, the commission unanimously affirmed the findings made upon remand by the deputy commissioner (second review opinion). The commission's second review opinion rejected employer's challenge of the commission's findings from its first review opinion – noting that the first review opinion "was not appealed" and also characterizing the first review opinion as "the law of the case." In particular, the commission ruled that "[i]t is the law of the case, as found by the November 30, 2011 Review Opinion, and we find that the claimant provided the employer with adequate notice" of her workplace injury. The commission entered an award of benefits to Leavell, and employer now appeals to this Court.

## II. ANALYSIS

### A. APPEALABILITY OF THE FIRST REVIEW OPINION

In its first assignment of error, employer argues that the commission erred when it "evidently held that [employer] had the opportunity to appeal" the first review opinion to this Court. Employer contends that an immediate appeal to this Court was not permitted because the first review opinion did not actually issue a final award to Leavell. See Code § 65.2-706; see also Jewell Ridge Coal Corp. v. Henderson, 229 Va. 266, 269, 329 S.E.2d 48, 50 (1985). Employer asserts that the commission suggested otherwise, pointing to language in the second review opinion explaining that the first review opinion "was not appealed" to this Court.[1]

However, employer fails to raise any basis for relief in its first assignment of error. Even if the commission thought that the first review opinion could have been appealed immediately, it is well established that an "adverse interlocutory adjudication may be the subject of appeal from the final adjudication." Smith v. Woodlawn Constr. Co., 235 Va. 424, 429, 368 S.E.2d 699, 702 (1988); see Uninsured Employer's Fund v. Kramer, 32 Va. App. 77, 81, 526 S.E.2d 304, 305 (2000) (explaining that a litigant "was not required" to appeal an issue decided in the commission's first opinion that remanded the matter for further factfinding by the deputy commissioner until the commission fully determined the merits of the case on remand). Here, the commission simply could not – and actually *did not* – find in the second review opinion that an appeal to this Court challenging any of the commission's findings in its first review opinion had been waived or was otherwise precluded.

---

[1] Given the circumstances of this case and the nature of our decision in this opinion, we need not address and we decline to address whether the first review opinion was an interlocutory order "adjudicating the principles of a cause" under Code § 17.1-405(4)(ii).

B. FINDINGS OF THE FIRST REVIEW OPINION AS "LAW OF THE CASE"

In its second assignment of error, employer argues that the commission misapplied the "law of the case" doctrine to preclude the commission's own authority to reconsider the findings that it made in its first review opinion. The longstanding definition of the law of the case doctrine in Virginia, "briefly stated, is this: Where there have been two appeals in the same case, between the same parties, and the facts are the same, nothing decided on the first appeal can be re-examined on a second appeal." Steinman v. Clinchfield Coal Corp., 121 Va. 611, 620, 93 S.E. 684, 687 (1917). Thus, "[r]ight or wrong, [the ruling in the first appeal] is binding on both the trial court and the appellate court, and is not subject to reexamination by either." Id.

Employer asserts that the law of the case doctrine does not apply to commission proceedings[2] because the commission is not an appellate court – but instead reviews the findings of its deputy commissioners in a *de novo* posture. Certainly, the full commission is the factfinder for commission proceedings. See, e.g., Haley v. Springs Global U.S., Inc., 54 Va. App. 607, 611-12, 681 S.E.2d 62, 64 (2009). Moreover, the full commission has the specific power to "adjudicate issues and controversies relating thereto." Code § 65.2-201. As the Supreme Court of Virginia has explained, motions for rehearing or for reconsideration "are not uncommon" in commission proceedings, "and the Commission may vacate the original decision pending consideration of such a motion." Williams v. Gloucester Sheriff's Dep't, 266 Va. 409, 411, 587 S.E.2d 546, 548 (2003). Clearly, the full commission has the authority to limit *or* permit reconsideration of any issues it has already decided when it reviews the case again after remanding the matter to a deputy commissioner.

---

[2] Leavell notes that this Court mentioned the "law of the case" doctrine in a prior appeal arising from the commission, American Filtrona Co. v. Hanford, 16 Va. App. 159, 428 S.E.2d 511 (1993). In that case, a deputy commissioner "decided to disregard" the commission's specific remand instructions. Id. at 165, 428 S.E.2d at 514. Here, it is unquestioned that the deputy commissioner complied with the commission's remand instructions.

However, even assuming without deciding that the commission here incorrectly used the term "law of the case" in the second review opinion, the record fails to establish reversible error. Simply put, using the wrong term is not necessarily the same as committing reversible error. "[A]n appellate court 'reviews judgments, not statements in opinions.'" Family Redirection Inst., Inc. v. Commonwealth, 61 Va. App. 765, 773, 739 S.E.2d 916, 920-21 (2013) (quoting California v. Rooney, 483 U.S. 307, 311 (1987)). Significantly, the commission here never found in its second review opinion that it lacked *authority* to review any of the findings from its first review opinion. Indeed, nothing from the second review opinion suggests or even hints at such a misunderstanding of the commission's authority.

Instead, viewing the circumstances here in the light most favorable to Leavell (as we must, since she was the prevailing party below), the record establishes *at most* that the commission simply *declined* to reconsider the issues it decided in the first review opinion during the second round of full commission review. Despite its use of the term "law of the case," the commission's ruling in its second review opinion merely reflects the practical reality that the commission in a subsequent review opinion generally "does not review its own determinations" that it has already made in a first review opinion. Holly Farms Foods, Inc. v. Carter, 15 Va. App. 29, 35, 422 S.E.2d 165, 168 (1992).

In addition, as Leavell asserts on appeal, language from the second review opinion suggests that the full commission *actually did reconsider* (but ultimately did not disturb) the finding from the first review opinion that employer challenges in this appeal. Specifically, the commission stated in its second review opinion that "[i]t is the law of the case, as found by the November 30, 2011 Review Opinion, *and we find* that the claimant provided the employer with adequate notice" of her injury. (Emphasis added). Given the commission's use of the phrase "and we find," the commission seemingly took an additional step in the second review opinion

and *issued a finding* on the adequacy of Leavell's notice of her injury. This language from the commission's second review opinion further reinforces our conclusion that the commission did not actually apply the "law of the case" doctrine in the manner that employer alleges.

Therefore, the full commission in its second review opinion either (1) declined to revisit the adequacy-of-notice issue decided in the first review opinion or (2) *did* briefly revisit that issue and came to the same conclusion. In either event, the record does not support employer's allegation that the commission found that it lacked *authority* to revisit that issue. Accordingly, even assuming without deciding that the commission incorrectly used the term "law of the case" in its second review opinion, any such error in the commission's incorrect usage of that term was harmless.

### C. LEAVELL'S PROVIDING NOTICE OF HER INJURY TO EMPLOYER

In its third assignment of error, employer argues that the commission erred in finding that Leavell provided adequate and timely notice of her injury – because she did not provide *written* notice of her injury within thirty days of its occurrence.

> Code § 65.2-600(D) requires an employee to give written notice of an accident to the employer within thirty days of the occurrence of the accident. However, *written notice is unnecessary if the employer has actual notice through a foreman or other superior officer*. Newport News Shipbuilding & Dry Dock Co. v. Barnes, 32 Va. App. 66, 70, 526 S.E.2d 298, 300 (2000); Kane Plumbing, Inc. v. Small, 7 Va. App. 132, 138, 371 S.E.2d 828, 832 (1988). Additionally, compensation will not be barred for failure to give timely notice unless the employer can prove it was prejudiced by such lack of notice. Code § 65.2-600(E).

Goodyear Tire & Rubber Co. v. Harris, 35 Va. App. 162, 171, 543 S.E.2d 619, 623 (2001) (emphasis added); see Department of Game and Inland Fisheries v. Joyce, 147 Va. 89, 97, 136 S.E. 651, 654 (1927).

Here, Leavell testified that she told Abuiznied about her injury on the day it occurred. Moreover, the record establishes that Abuiznied completed and filed an employer's accident

report in the commission on April 15, 2009. Abuiznied reported "4/11/2009" as the date of claimant's injury and also indicated, "[Employee] is having stomach pain and two days later claims *she pulled a muscle*." (Emphasis added). Thus, whether Leavell's workplace injury occurred on April 9, 2009 (as she originally alleged) *or* on April 2, 2009 (as she later alleged and as the full commission found[3]), Leavell's actual notice of her injury to her employer was timely in either circumstance – easily occurring within thirty days of the accident, as required by the statute. Accordingly, the commission's finding that Leavell provided timely and proper notice of her injury was supported by credible evidence in the record. See Harris, 35 Va. App. at 171, 543 S.E.2d at 623; Small, 7 Va. App. at 138, 371 S.E.2d at 832.

### III. CONCLUSION

Even assuming without deciding that the commission erred when it used the term "law of the case" to describe its findings from the first review opinion, such error was not reversible error. The commission never indicated that it actually lacked authority to reconsider those findings in its second review opinion while the commission clearly still had jurisdiction over the case. Furthermore, on appeal from the commission's final order, we hold that credible evidence supports the commission's finding that Leavell provided adequate and timely notice of her injury as it is clear that employer had actual notice easily within thirty days of the accident that caused the injury. Accordingly, for the foregoing reasons, we affirm the commission's award of benefits to Leavell.

Affirmed.

---

[3] We disagree with employer's argument expressed in its third assignment of error that the commission erred when it permitted Leavell to amend her claim to change the date of her injury from April 9, 2009 to April 2, 2009. The commission found Leavell credible on this point and simply permitted Leavell to raise an injury date that the commission actually determined was *more accurate* than the date she originally alleged.