COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Judges Chaney, Callins and White

CORPORATE OPERATIONS, d/b/a
 SUNRISE SENIOR LIVING, ET AL.

                                              MEMORANDUM OPINION[*] BY
v.       Record No. 0103-23-2         JUDGE KIMBERLEY SLAYTON WHITE
                                                   DECEMBER 12, 2023

ELIZABETH NASSAR

FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

      (Scott C. Ford; Kwabena A. Akowuah; Ford Richardson, P.C., on
      briefs), for appellants. Appellants submitting on briefs.

      (W. David Falcon, Jr.; Ackerman & Falcon, LLP, on brief), for
      appellee. Appellee submitting on brief.


Sunrise Senior Living (Sunrise) appeals the Commission's judgment awarding Elizabeth

Nassar temporary total disability benefits and lifetime medical benefits for a "right foot/ankle and

back injury." Sunrise argues that Nassar failed to prove a compensable injury to her back that was

causally related to the alleged workplace accident. Sunrise also argues that the Commission erred

by concluding that Nassar's claim did not seek compensation for pre-existing back injuries arising

from a 2017 motor vehicle accident while simultaneously granting an "overly broad" award for

injuries to her "whole back," including parts of her back injured in 2017. Finally, Sunrise argues

that the Commission erred by finding that Nassar provided "timely notice of her back injury" and

that Sunrise was "not prejudiced" thereby. Finding no error, we affirm the Commission's judgment.

---

      [*] This opinion is not designated for publication. *See* Code § 17.1-413(A).

BACKGROUND

In 2017, Elizabeth Nassar was in a motor vehicle accident that caused "some fractures" in her back and left wrist. The injuries caused pain on the right side of Nassar's back. Dr. Rodney Dade, an orthopedist, treated Nassar for "left and right low back pain." According to Dr. Dade's notes from an appointment three days after the accident, Nassar reported pain and discomfort "throughout the right lumbar spine with radiation to the right SI joint." Dr. Dade ordered physical therapy and lumbar injections to manage the pain and, under Dr. Dade's care, Nassar experienced slow but steady improvement. At an appointment on October 30, 2019, she received trigger point injections at the "primary pain generator site"; Dr. Dade noted that her balance, gait, and posture were normal despite moderate tenderness along her lower lumbar facets during palpitation.

On December 4, 2019, Nassar was working as an executive assistant for Sunrise's Chief Information Officer, Michael Summers. As Nassar walked across a "bridge" in Sunrise's courtyard, she stepped on a "slick spot" and her right foot "rolled." Her body "propelled forward," and she grabbed a door handle to keep from falling on the ground. She felt immediate pain in her right foot, ankle, and heel; and a "bit" of new pain in her back.

A few hours later, Nassar emailed Summers that she had "slipped outside in the courtyard" and "something [was] not normal with [her] right foot." She wrote that she had requested that her doctor provide a prescription for an x-ray, but that she still wanted to visit an urgent care facility that evening. Although Nassar did not inform Summers of her back pain in the email, she later explained that the back pain was minor when she wrote the email because she had taken pain medication. Nassar also reported the accident to Carol Tucker, Sunrise's Vice President of Technology, and expressly told her that she was feeling back pain. Tucker agreed that Nassar should see a doctor.

Nassar sought treatment at an urgent care facility; by the end of the urgent care appointment, she complained that her back pain was excruciating.  The next day, Dr. Mark Hartley evaluated Nassar's right ankle, prescribed a boot and crutches, and wrote a note placing Nasser on "no-work duty" for two weeks.

Two days after the accident, Nassar went to a previously scheduled appointment with Dr. Dade, the treating physician for Nassar's prior back injury.  Dr. Dade's notes reflect that Nassar "had previous right lumbar pain" but that she presented a new complaint of "left lumbar regional pain . . . attributable to a work-related injury where she slipped and fell."  Dr. Dade found that Nassar's back was "exquisitely tender" and concluded that she "likely torqued her lumb[a]r region along her SI [sacroiliac] area."  Dr. Dade noted that Nassar's symptoms were "consistent with sacroiliitis and iliolumbar ligamentous sprain."

On December 19, 2019, Nassar returned to Dr. Hartley for further treatment of her ankle.  Dr. Hartley prescribed physical therapy and returned Nassar "to work full duty" effective December 23, 2019.

The record contains no further medical records detailing post-accident treatment of Nassar's back, but a March 2021 MRI of her right ankle revealed chronic sprains and a peroneal tendon tear.  Dr. Hartley referred Nassar to Dr. Paul Switaj, who treated Nassar's ankle from March 2021 through May 2022.  Dr. Switaj recommended surgical intervention given the "obvious split tear of the peroneus brevis" tendon and persistent pain despite earlier conservative treatment.  Dr. Switaj ordered physical therapy to strengthen her ankle before surgery.

On November 24, 2021, Nassar went to physical therapy but stated that she "worked [her] foot a little too hard" and left "limping."  She received a medical excuse stating that she was unable to attend work after physical therapy that day.

On February 22, 2022, Dr. Switaj surgically repaired Nassar's right peroneal tendon. At a follow up appointment on March 9, 2022, Dr. Switaj noted that Nassar was "doing well overall" and instructed her to continue physical therapy and wear a boot for at least two more weeks. By May 23, 2022, Nassar showed overall improvement.

On October 21, 2021, Nassar filed a claim for benefits with the Virginia Workers' Compensation Commission seeking medical benefits and "wage loss replacement" for injuries to her back and right leg that she sustained from the fall at work on December 4, 2019. At a July 11, 2022 evidentiary hearing before Deputy Commissioner Susan Cummins, the parties stipulated that Nassar's right foot/ankle injury and treatment were causally related to an "injury by accident arising out of and in the course of her employment." The parties also stipulated that Nassar was totally disabled from December 5 to December 22, 2019, and from February 22 to March 5, 2022. Sunrise, however, contested whether Nassar had suffered a sudden mechanical change to her back or aggravated a pre-existing medical condition during the December 4, 2019 work accident. Sunrise also argued that Nassar had failed to provide timely notice of her back injury and that Sunrise was prejudiced by the delay. Finally, Sunrise argued that Nassar was not disabled on November 24, 2021.

During the hearing, Nassar testified that her back pain never completely abated between her 2017 motor vehicle accident and the workplace accident. Notwithstanding the earlier injury, Nassar clearly stated that she "extended" her back during the December 4, 2019 slip, which caused a substantial increase in pain. She also distinguished the back pain caused by the two incidents, explaining that the pain from the motor vehicle accident was on the right side of her back, while the pain from the work injury was on the left. Nassar testified that Dr. Dade continued to treat her for both her work injury and the motor vehicle accident.

The deputy commissioner found that Nassar's account of the work accident was uncontroverted and that she "was a most persuasive witness." The deputy commissioner emphasized that Nassar "clearly identified the onset of back pain when she slipped," which was consistent with Dr. Dade's notes two days after the accident that distinguished the sources of her differing back pain. The deputy commissioner acknowledged Nassar's prior back injuries but found that Nassar did not advance a claim for those injuries. Rather, she sought only to recover for the injury to her back that Dr. Dade described "as torqueing [sic] her lumbar region along the sacroliliac area." The deputy commissioner only had the sole medical opinion of Dr. Dade to rely on.[1] Even with considering a myriad of negative facts against Nassar,[2] the deputy commissioner found that Nassar's "evidence sufficiently preponderates in proving the requisite causal nexus between the accident and her back injury."

Next, the deputy commissioner found that Nassar credibly testified that she informed Tucker of her back injury on the morning of the accident and that Sunrise "offered no evidence of any prejudice inuring" because of "any purported lack of notice." Finally, the deputy commissioner found that Nassar was disabled on November 24, 2021, after the physical therapy session which she left "limping" and unable to work that day. Accordingly, the deputy commissioner awarded Nassar temporary total disability benefits from December 5 through December 22, 2019, on November 24, 2021, and from February 22 through March 5, 2022. She also awarded Nassar medical benefits "for a right foot/ankle and back injury for as long as necessary."

---

[1] Even though Dr. Hartley and Dr. Switaj were authorized treating physicians, they were not called or used to provide alternative medical evidence to Nassar's.

[2] Such facts include 1) there was no x-ray or MRI taken of Nassar's back when she visited the ER; 2) Nassar claimed that her back pain never really went away after her motor vehicle accident; and 3) the December 4, 2019 email to Summers does not mention Nassar's back pain.

On review, the Commission affirmed the deputy commissioner's judgment, finding that Nassar's credible testimony and Dr. Dade's notes established a new, compensable injury to Nassar's back. The Commission rejected Sunrise's argument that the deputy commissioner's medical award for a back injury was overly broad because there was no claim for her pre-existing injuries. The Commission also found that Nassar provided Sunrise with adequate notice of the accident, noting that notice of an accident is sufficient to provide an employer with knowledge of an accident and potential liability. Sunrise appeals.

## ANALYSIS

Decisions of the Commission are "conclusive and binding as to all questions of fact." Code § 65.2-706(A). Accordingly, "we do not retry the facts before the Commission nor do we review the weight, preponderance of the evidence, or the credibility of witnesses." *Jeffreys v. Uninsured Emp.'s Fund*, 297 Va. 82, 87 (2019) (quoting *Caskey v. Dan River Mills, Inc.*, 225 Va. 405, 411 (1983)). Instead, "we are bound by the [C]ommission's findings of fact as long as 'there was credible evidence presented such that a reasonable mind *could* conclude that the fact in issue was proved,' even if there is evidence in the record that would support a contrary finding." *Artis v. Ottenberg's Bakers, Inc.*, 45 Va. App. 72, 83-84 (2005) (en banc) (quoting *Westmoreland Coal Co. v. Campbell*, 7 Va. App. 217, 222 (1988)). On the other hand, "the [C]ommission's legal determinations are not binding on appeal and will be reviewed *de novo*." *Roske v. Culbertson Co.*, 62 Va. App. 512, 517 (2013) (quoting *Wainwright v. Newport News Shipbuilding & Dry Dock Co.*, 50 Va. App. 421, 430 (2007)).

## I. Compensable Back Injury

Sunrise argues that Nassar failed to prove a compensable back injury arising from the December 4, 2019 workplace accident. Sunrise maintains that Nassar felt only ankle pain after the accident and that Dr. Dade's December 6, 2019 notes describing the left-sided back pain as new

- 6 -

should not be afforded any weight, especially given her pre-existing injuries and the lack of any imaging or diagnostic studies of Nassar's back. Sunrise further argues that there was no "sudden mechanical or structural change to her back" on December 4, 2019, as sacroiliitis was one of her pre-existing conditions from the 2017 motor vehicle accident. In addition, Sunrise attributes Nassar's excruciating back pain on December 4, 2019, to her limping around because of her hurt ankle. Thus, Sunrise concludes that it was "clear error" for the Commission to find that she suffered a compensable injury to her back caused by the workplace accident.

To establish a compensable injury by accident, a claimant must prove, in part, "an identifiable incident or sudden precipitating event [that results] in an obvious sudden mechanical or structural change in the body." *Hoffman v. Carter*, 50 Va. App. 199, 212-13 (2007) (alteration in original) (quoting *Morris v. Morris*, 238 Va. 578, 589 (1989)). "The 'structural or mechanical change' *is* the injury, when it 'produces harm or pain or a lessened facility of the natural use of any bodily activity or capability.'" *Alexandria City Pub. Schs. v. Handel*, 299 Va. 191, 197 (2020) (quoting *Snead v. Harbaugh*, 241 Va. 524, 528 (1991)). Thus, a claimant must prove a "structural or mechanical change" for "every body part affected by an obvious accident." *Id.* By contrast, "a gradually incurred injury is not an injury by accident within the meaning of the Act." *Hoffman*, 50 Va. App. at 213 (quoting *Dollar Gen. Store v. Cridlin*, 22 Va. App. 171, 175 (1996)).

In addition, a claimant must prove a causal connection between the injury and the precipitating event. *Farmington Country Club, Inc. v. Marshall*, 47 Va. App. 15, 22 (2005). "[T]he opinion of the treating physician [on causation] is entitled to great weight." *Berglund Chevrolet, Inc. v. Landrum*, 43 Va. App. 742, 753 n.4 (2004) (quoting *H.J. Holz & Son, Inc. v. Dumas-Thayer*, 37 Va. App. 645, 655 (2002)). The doctor's opinion, however, need not be unequivocal, as "[a] doctor's statement" that an injury is "probably" related to the accident "'is sufficient to permit a trier of fact to accord the statement probative weight.'" *Id.* (quoting *Marriott Int'l Inc. v. Carter*, 34

Va. App. 209, 215 (2001)).  Moreover, "[a] finding of causation need not be based exclusively on medical evidence, and a claimant is not required to produce a physician's medical opinion . . . to establish causation."  *Marshall*, 47 Va. App. at 26 (citing *Cridlin*, 22 Va. App. at 176-77).  Instead, causation "may be proved by either direct or circumstantial evidence, including medical evidence or 'the testimony of a claimant.'"  *Id.*  Whether a claimant suffers an injury by accident, and whether that injury was caused by the precipitating event, are questions of fact.  *Hoffman*, 50 Va. App. at 212; *Marshall*, 47 Va. App. at 26 (citing *Marcus v. Arlington Cnty. Bd. of Supers.*, 15 Va. App. 544, 551 (1993)).  Accordingly, unless we can say that, as a matter of law, the claimant failed to sustain her burden, the Commission's findings on those matters are binding.  *Jeffreys*, 297 Va. at 87.

The record supports the Commission's conclusion that Nassar suffered a new injury to her back that was causally related to the December 4, 2019 workplace accident.  Undisputedly, Dr. Dade was treating Nassar for pre-existing right-sided back pain related to the 2017 motor vehicle accident before and after the December 4 accident.  Nassar testified, however, that she "extended" her back when she slipped on December 4, 2019.  Although her pain medication mitigated her back pain immediately after the slip, by the end of the day Nassar experienced excruciating new back pain on the left side of her back.  The deputy commissioner reasonably credited Nassar's account.  Moreover, Dr. Dade's notes from the office appointment two days after the accident corroborated Nassar's testimony.  The contemporaneous notes reflected that Nassar presented a new complaint of "left lumbar regional pain . . . attributable to a work-related injury where she slipped and fell."  Although she had been improving steadily before the work accident, Nassar's back was "exquisitely tender" two days after the accident.  Dr. Dade concluded that she "likely torqued her lumb[a]r region along her SI [sacroiliac] area."  Dr. Dade also noted that Nassar's new symptoms were "consistent with sacroiliitis and iliolumbar ligamentous sprain."

- 8 -

In sum, the record demonstrates that Nassar's treating physician evaluated Nassar two days after the accident and concluded that her slip caused a left iliolumbar ligament sprain. Moreover, Dr. Dade distinguished the new pain Nassar felt from the lingering pain related to the 2017 motor vehicle accident, which was consistent with Nassar's testimony. There was no contrary medical opinion presented. As unrebutted medical opinion, Dr. Dade's opinion is given great weight. Dr. Dade's opinion supports the Commission's judgment even without imaging or diagnostic studies of Nassar's back. In addition, although Nassar acknowledged that limping around could have contributed to her back pain on December 4, 2019, she did not attribute her gait as the sole or even primary source of the new pain. Instead, she consistently testified that her new pain was caused by the December 4, 2019 slip.

Disregarding this Court's standard of review, appellant asks this Court to reject Dr. Dade's medical opinion and the Commission's determination that Nassar was a credible witness. The record supports the Commission's finding. *See Artis*, 45 Va. App. at 83-84. It is clear to this Court that the Commission relied on "reasonable inferences" drawn from the evidence. *See City of Waynesboro v. Griffin*, 51 Va. App. 308, 316 (2008). Accordingly, we will not overturn the Commission's factual findings, which are rooted in Nassar's credible testimony and the opinion of her treating physician, that the workplace accident caused a compensable back injury.

## II. Nassar's Pre-existing Back Injuries

Sunrise also argues that the Commission erred by concluding that Nassar's claim did not seek compensation for her pre-existing injuries caused by the 2017 motor vehicle accident. Sunrise asserts that Nassar's claim for benefits sought a lifetime medical award for her "back, right leg" and that she consistently alleged a "generalized injury to her back." In Sunrise's view, Nassar's evidence failed to distinguish which back injuries related to the workplace accident, and it could not "have known which of [the injuries Nassar] intended to pursue." Given those circumstances,

- 9 -

Sunrise argues that the Commission erroneously refused to consider its defenses to any claim for her pre-existing back injuries. Sunrise maintains that the Commission arbitrarily refused to limit the medical award for her back injury to a left iliolumbar sprain, resulting in an "overly broad" award that erroneously encompassed her pre-existing injuries.

The Commission did not err by concluding that Nassar's claim for benefits did not seek compensation for her pre-existing injuries arising from the 2017 motor vehicle accident. "Commission Rule 1.1 provides that '[a]n original Claim for Benefits *shall* be in writing, signed and *should* set forth," among other things, the "[d]ate of the accident," "[n]ature of injury," and "[b]enefits sought." *Cochran Indus. VA v. Meadows*, 63 Va. App. 218, 224-25 (2014). That said, recovery is not precluded if a claim for benefits does not include all of the elements of Commission Rule 1.1. *Id.* at 225. Indeed, we have held that "a letter [was] sufficient to constitute a claim" when it identified "the employer, the date of [the] accident, the location of the accident, and the injuries suffered" because the letter "fairly apprise[d] the [C]ommission that a claim [was] being made." *Id.* (quoting *Cheski v. Arlington Cnty. Pub. Schs.*, 16 Va. App. 936, 938 (1993)).

Whether a claim for benefits encompasses "a particular injury is a question of fact, and the [C]ommission's finding will not be disturbed on appeal if supported by credible evidence." *Masonite Holdings, Inc. v. Cubbage*, 53 Va. App. 13, 21 (2008) (quoting *Corp. Res. Mgmt. v. Southers*, 51 Va. App. 118, 127 (2008)). Here, Nassar's claim for benefits sought compensation for workplace injury to her back that she sustained from a "fall at work" on December 4, 2019. Even though the claim did not set forth the precise "nature of her injury," it provided the exact date on which she sustained the back injury, necessarily excluding any claim for the pre-existing back injuries she sustained in the 2017 motor vehicle accident. Thus, the Commission's factual

finding that Nassar had not filed a claim for any of the "pre-existing injuries, diagnoses, and symptoms" is supported by the record and will not be disturbed on appeal.

Sunrise's argument that the Commission's award was nevertheless "overly broad," encompassing the 2017 pre-existing back injuries, is also meritless. In construing a lower tribunal's order, we must consider the order as a whole rather than isolate fragments from their context. *Cf. Babcock & Wilcox Co. v. Areva NP, Inc.*, 292 Va. 165, 180 n.8 (2016). It is well-established that the Commission "is entitled to interpret its own orders in determining the import of its decisions." *Rusty's Welding Serv., Inc. v. Gibson*, 29 Va. App. 119, 130 (1999) (en banc). Both the deputy commissioner's opinion granting the award and the Commission's review opinion affirming that award unequivocally state that Nassar did not seek compensation for her pre-existing back injuries. The 2017 motor vehicle accident only relates to this claim in terms of the extent that the work accident aggravated Nassar's pre-existing condition. In Virginia, the law takes a very practical view by entitling a claimant to recover for the extent of the aggravation but not for the pre-existing condition or injury itself. The Commission found that Nassar sustained a new, compensable back injury on December 4, 2019, and the deputy commissioner found, in the alternative, that Nassar "sustained a temporary aggravation of her pre-injury right, and left sacroiliac joint instability." Accordingly, considered in context, Nassar's award for lifetime medical benefits for her back injury is necessarily limited to the back injury that she sustained on December 4, 2019. It imposes no liability on Sunrise to pay for treatment of the injuries she sustained in the 2017 motor vehicle accident.

### III. Notice

Sunrise argues that Nassar "did not provide timely notice of her alleged back injury" under Code § 65.2-600(A). Sunrise emphasizes that Nassar's email did not mention her back and reported only that "something [was] not normal with [her] right foot." Sunrise therefore maintains that it was

prejudicially deprived of the opportunity to investigate the back injury. Even so, Sunrise asserts that it was not required to establish prejudice because Nassar did not have a "reasonable excuse" for failing to provide notice of the back injury.

An injured employee must "immediately on the occurrence of an accident or as soon thereafter as practicable, give or cause to be given to the employer a written notice of the accident." Code § 65.2-600(A). Generally, an employee is not entitled to compensation "unless such written notice is given within thirty days after" the accident "unless [a] reasonable excuse is made" and "the employer has not been prejudiced thereby." Code § 65.2-600(D). At the same time, it is well-established that "written notice is unnecessary if the employer has actual notice through a foreman or other superior officer." *Meidan, Inc. v. Leavell*, 62 Va. App. 436, 444 (2013) (emphasis omitted) (quoting *Goodyear Tire & Rubber Co. v. Harris*, 35 Va. App. 162, 171 (2001)). Thus, when the Commission credits a claimant's testimony that he told his supervisor about his injury, this Court will affirm the Commission's judgment that the employer had actual notice even if the supervisor "did not recall any accident report." *Newport News Shipbuilding & Dry Dock Co. v. Barnes*, 32 Va. App. 66, 70 (2000). Moreover, compensation will not be barred for failure to give timely notice nor for defects or inaccuracies in the notice unless the employer can prove it was prejudiced by such lack of notice. Code § 65.2-600(E).

Although Nassar did not mention her back injury in the email to Summers, the Commission concluded that Nassar provided actual notice to Sunrise because she reported her back injury in her oral conversation with Tucker, Sunrise's Vice President of Technology, immediately after the accident. Sunrise asks this Court to reject the Commission's factual conclusion. Because Nassar testified that Tucker was "aware that [she] had experienced *prior* back pain," Sunrise maintains that Nassar's conversation with Tucker reported only back pain related to the 2017 motor vehicle

- 12 -

accident, not the workplace accident. Sunrise therefore maintains that Nassar did not, in fact, provide Sunrise with actual notice of the back injury.

Sunrise's argument seizes upon an isolated portion of Nassar's testimony and improperly asks this Court to reweigh the evidence and reach the opposite conclusion of the fact finder. As noted above, "we do not retry the facts before the Commission nor do we review the weight, preponderance of the evidence, or the credibility of witnesses." *Jeffreys*, 297 Va. at 87 (quoting *Caskey*, 225 Va. at 411). Nassar testified convincingly that she spoke with Tucker about her slip in the courtyard and during that conversation, she "expressly told [Tucker] that [she] was feeling back pain." Viewed in the light most favorable to Nassar, that testimony demonstrates that Nassar reported her back pain and injury to Tucker, providing Sunrise with actual notice of the alleged injuries and an opportunity to investigate. Thus, the record supports the Commission's conclusion that Nassar provided actual notice of the accident and her injuries to Sunrise.[3] *See Newport News Shipbuilding*, 32 Va. App. at 70 (affirming the Commission's factual finding that the employer had actual notice of the injury even when the record contained contrary evidence that might have supported a different finding).

## CONCLUSION

Finding credible evidence on each relevant issue, we affirm the Commission's judgment.

*Affirmed*.

---

[3] Given our holding, we need not address whether Sunrise was prejudiced by the purported lack of notice.

- 13 -