COURT OF APPEALS OF VIRGINIA


Present: Chief Judge Felton, Judges Elder and Petty
Argued at Salem, Virginia


DILLON CONSTRUCTION AND
  ACCIDENT FUND INSURANCE COMPANY
  OF AMERICA
                                                          OPINION BY
v.       Record No. 2946-08-3                    JUDGE LARRY G. ELDER
                                                       DECEMBER 22, 2009
DARYL LANDON CARTER


FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

        Ramesh Murthy (Penn, Stuart & Eskridge, on brief), for appellants.

        Stephen G. Bass (Carter Craig, on brief), for appellee.


        Dillon Construction and Accident Fund Insurance Company of America (collectively

referred to as the company) appeal from a decision of the Workers' Compensation Commission

(commission) holding that Daryl Carter (claimant) was entitled to medical and temporary total

disability benefits following a work-related accident. On appeal, the company argues the

commission erred in finding that an employer/employee relationship existed between claimant

and the company such that claimant was a covered employee within the meaning of the Workers'

Compensation Act (the Act). Because the evidence is sufficient to support the conclusion that

Dillon Construction's owner, Ronnie Dillon, possessed the power of control over the means and

method by which claimant performed his job, we affirm the commission's decision.

                                             I.

                                       BACKGROUND

        We view the evidence in the light most favorable to claimant, who prevailed below. See

Westmoreland Coal v. Russell, 31 Va. App. 16, 20, 520 S.E.2d 839, 841 (1999). So viewed, the

evidence shows that in 2005, claimant began working for the company as a skilled carpenter. The company withheld money from claimant's wages for taxes and social security.

In 2006, claimant voluntarily terminated his employment relationship with the company and obtained a city license to perform freelance contractor work on his own. He kept in contact with the company and performed part-time carpentry work for it as needed. As part of the operation of his private business, claimant used his own truck, cell phone, and basic carpentry tools, which he treated as business expenses for purposes of his 2006 tax returns.

On November 20, 2006, claimant returned to work for the company because he had difficulty obtaining sufficient work to sustain a separate business. Claimant worked for the company continuously until July 31, 2007, when he fell from the second story of a residence under construction and sustained injuries to his left elbow and pelvis. On August 10, 2007, claimant filed a claim for benefits. The company denied the claim because it did not consider claimant an "employee" as contemplated by the relevant provisions of the Act. Claimant requested a hearing, and the commission ultimately held that claimant was a covered employee and thus entitled to medical and disability compensation benefits. This appeal followed.

II.

ANALYSIS

The Act provides, in relevant part, that an employee entitled to workers' compensation coverage pursuant to its terms includes "every person, including a minor, in the service of another under any contract of hire or apprenticeship, written or implied, except . . . one whose employment is not in the usual course of the trade, business, occupation or profession of the employer." Code § 65.2-101. A claimant seeking benefits under the Act bears the burden of proving he is an employee within the definition of Code § 65.2-101. See Behrenson v. Whitaker, 10 Va. App. 364, 366, 392 S.E.2d 508, 509 (1990).

"'What constitutes an employee is a question of law; but, whether the facts bring a person within the law's designation, is usually a question of fact.'" Intermodal Servs., Inc. v. Smith, 234 Va. 596, 600, 364 S.E.2d 221, 224 (1988) (quoting Baker v. Nussman, 152 Va. 293, 302, 147 S.E. 246, 249 (1929)). Although the commission's factual findings are binding and conclusive on appeal when they are supported by credible evidence, see James v. Capitol Steel Constr. Co., 8 Va. App. 512, 515, 382 S.E.2d 487, 488 (1989), a "determination of the relationship involves a mixed question of law and fact which is reviewable on appeal," City of Spotsylvania v. Walker, 25 Va. App. 224, 230, 487 S.E.2d 274, 276 (1997).

The company argues it was not obligated under the Act to provide claimant benefits because he was an independent contractor and not a covered employee. In support of this argument, the company points to evidence that owner Ronnie Dillon lacked control over the manner and means by which claimant performed his work and that claimant chose, upon his return to work for the company, to pay his own taxes from his wages. We hold credible evidence supports the commission's finding that Dillon "exercised significant control over the detailed manner in which the claimant performed the work" and, thus, we affirm the commission's award of benefits.

The question as to whether a claimant qualifies as an employee under the Act "must be determined from the facts of the particular case in the light of well settled principles." Brown v. Fox, 189 Va. 509, 516, 54 S.E.2d 109, 113 (1949). Under the common law, the four criteria we must consider are the "'(1) [s]election and engagement of the servant; (2) payment of wages; (3) power of dismissal; and (4) the power of control of the servant's action.'" Crowder v. Haymaker, 164 Va. 77, 79, 178 S.E. 803, 804 (1935) (quoting Baker, 152 Va. at 303, 147 S.E. at 249). "The power of control is the most significant indicium of the employment relationship;

other factors merely help to elucidate the manner and degree of control." <u>Richmond Newspapers, Inc. v. Gill</u>, 224 Va. 92, 98, 294 S.E.2d 840, 843 (1982).

> [T]he right of control includes not only the power to specify the result to be attained, but also the power to control "the means and methods by which the result is to be accomplished." <u>Gill</u>, 224 Va. at 98, 294 S.E.2d at 843. An employer/employee relationship exists if the party for whom the work is to be done has the power to direct the means and methods by which the other does the work. "If the latter is free to adopt such means and methods as he chooses to accomplish the result, he is not an employee but an independent contractor." [<u>Va. Emp. Comm'n v.</u>] <u>A.I.M. Corp.</u>, 225 Va. [338,] 347, 302 S.E.2d [534,] 540 [(1983)]. The extent of the reserved right of control may be determined by examining the performance of the parties in the activity under scrutiny.

<u>Smith</u>, 234 Va. at 601, 364 S.E.2d at 224.

Dispositive of the issue in this case is the fact that Dillon retained the power of control over claimant's job performance such that claimant was not "free to adopt such means and methods as he [chose] to accomplish the result." <u>A.I.M. Corp.</u>, 225 Va. at 347, 302 S.E.2d at 540. "The potential power of control, not the actual exercise of control, is the important element." <u>Id.</u> at 347, 302 S.E.2d at 539-40. We must look to the nature of the work to determine on a case-by-case basis whether the employer possessed the requisite degree of control for the claimant to qualify as an employee. <u>See</u> <u>Purvis v. Porter Cabs, Inc.</u>, 38 Va. App. 760, 770, 568 S.E.2d 424, 429 (2002).

Here, the company's supervisors managed the individual projects and Dillon monitored their progress on a daily basis by telephone or personal visits to each jobsite. The hourly employees working for the company were not given specific instructions on how to perform their tasks because they were skilled carpenters who did not need close supervision. However, Dillon reserved the power to "ma[k]e decisions about tearing work out as unsatisfactory[,]" and "with regard to changing work in terms of the owner communicating such requirements."

- 4 -

The record discloses no meaningful distinction between Dillon's power of control over his hourly employees and his power of control over claimant. Dillon acknowledged that he would "tell [claimant] at the beginning of the day what to do during the day, what [he] wanted to get done," but did not interfere with the manner in which claimant performed those tasks because "he was an experienced carpenter with several years experience and knew what he was doing." Accordingly, claimant was not "treated any differently during the workday with regard to his carpentry work than a skilled carpenter who [Dillon] considered an employee."

Consideration of the remaining three factors underscores the power of control Dillon possessed over claimant's work. The uncontradicted evidence demonstrates that Dillon retained the sole ability to hire potential carpenters based on each carpenter's experience. Moreover, claimant and Dillon did not reduce their verbal agreement to a written employment contract, placing claimant in the legal status of an at-will employee who could be fired at any time for any reason or no reason. Cf. Gill, 224 Va. at 100, 294 S.E.2d at 844 (interpreting written contracts that contain limitations on terminating the employment relationship as "characteristic of contracts negotiated by independent contractors"). Claimant was paid hourly wages, and he was required to turn in a time card reflecting the time spent on each project. Finally, Dillon provided the power tools, materials, ladders, and scaffolding for claimant and the other hourly employees to use while working at company jobsites. Even though claimant brought his own small carpentry tools, the evidence proves that this was customary for all of Dillon's employees.

The company relies heavily on claimant's election not to have Dillon withhold taxes and fees from his earnings and on claimant's deduction of business expenses on his 2006 and 2007 tax forms. Upon claimant's return to work for the company on November 20, 2006, Dillon asked claimant if he "want[ed Dillon] to take out taxes," to which claimant requested to "pay [his] own taxes." Claimant continued to file these taxes under the tax ID number he had

obtained when he started his own contracting business in 2006. In 2007, claimant submitted receipts relating to his tool, truck, gas, and insurance expenses to his accountant for the purpose of computing his business deductions and resulting tax liability on his federal tax return. While relevant, see Hamilton Trucking Corp. v. Springer, 10 Va. App. 710, 716-17, 396 S.E.2d 379, 382 (1990), in this case, claimant's decision regarding his taxes merely demonstrates an exercise of his business judgment in an attempt to save money. The company has cited to no authority, and we have found none, that makes tax considerations dispositive of whether claimant is an independent contractor.

The company next argues that Dillon's intent regarding claimant's employment status compels us to reverse the commission's award of benefits. However, it is well settled that "employers cannot simply designate persons as employees or independent contractors[,]" Springer, 10 Va. App. at 711, 396 S.E.2d at 379, though the parties' intent can be considered as a factor in the ultimate determination, see Gill, 224 Va. at 98, 294 S.E.2d at 843; Walker, 25 Va. App. at 231, 487 S.E.2d at 277. The company acknowledges that claimant was an hourly employee when he first started in 2005, but it argues Dillon considered claimant a subcontractor when he returned in 2006 because claimant requested that Dillon not withhold taxes from his wages. Further, Dillon felt that because claimant was a subcontractor, he could not be reprimanded or punished for leaving one of the company's projects to work on a job for one of claimant's own clients. The record does not indicate, however, whether Dillon communicated this understanding to claimant when he returned in November 2006. To the contrary, Dillon admitted that he did not specifically ask claimant whether he wanted to return as an hourly employee or an independent contractor. Instead, he simply asked if claimant wanted taxes withheld from his earnings. Indeed, aside from not withholding taxes, claimant was treated in the same manner as the other company employees for all practical purposes. Claimant worked

eight hours a day, turned in his time cards, received his earnings based on hours worked, and performed the same duties as when he was an hourly employee in 2005. Significantly, Dillon testified that he hired subcontractors only for specialized tasks, such as plumbing or electrical work. By contrast, carpentry, claimant's specialty, remained within the province of the company's five hourly employees. Under these circumstances, the commission did not err in disregarding Dillon's unspoken intent to change claimant's status from an hourly employee to an independent contractor when claimant returned on November 20, 2006.

Finally, we reject the company's argument that claimant's potential ability to work for other clients at the expense of not working for the company belies his status as a covered employee. The commission found, and the evidence demonstrates, that claimant only performed a few minor jobs for his own clients. In fact, claimant worked close to eight hours per day on jobsites for the company. The General Assembly did not intend to render an employee ineligible to receive disability benefits simply because the employee accepts additional work to supplement his or her present income. See A.I.M. Corp., 225 Va. at 346, 302 S.E.2d at 539 ("The Act is to be liberally construed to effect its beneficent purpose and in borderline cases 'employment' should be found to exist." (quoting Unemp. Comp. Comm'n v. Collins, 182 Va. 426, 438, 29 S.E.2d 388, 393 (1944))).

III.

Notwithstanding claimant's election to make his own withholding tax payments from his wages, the evidence is sufficient to support a finding that Dillon retained the right to control, and did control, the method and means of the work claimant performed. Accordingly, we hold the commission did not err in finding claimant to be a covered employee under the Act, and we affirm its award of benefits.

Affirmed.