COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:   Judges Petty, Alston and Russell
Argued at Lexington, Virginia


GERRY AXELSON

                                                    MEMORANDUM OPINION* BY
v.        Record No. 2120-16-3                      JUDGE WILLIAM G. PETTY
                                                    AUGUST 22, 2017

PIFER CONSTRUCTION, INC.,
  ERIE INSURANCE EXCHANGE, AND
  THE UNINSURED EMPLOYERS' FUND

               FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

          Bradford M. Young (Hammond Townsend, PLC, on briefs), for
          appellant.

          Alan D. Sundburg; Justin R. Main (Michael S. Bliley; Friedlander
          Misler, PLLC; Siciliano, Ellis, Dyer & Boccarosse, PLC, on briefs),
          for appellees.


     Gerry Axelson appeals the decision of the Workers' Compensation Commission denying

his claim for benefits.  Axelson assigns two errors to the Commission's decision.  First, Axelson

argues that the Commission erred in determining that a claimant seeking statutory employee

status under Code § 65.2-302 must prove he is an employee of an uninsured subcontractor.

Second, Axelson argues that the Commission erred in concluding that Code § 65.2-101(1)(n) is

the sole way in which the member of a single-member LLC can be found to be an employee and,

in doing so, did not consider the definition of employee under Code § 65.2-101(1)(a).  We

disagree and affirm the decision of the Commission.

_____

          * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

I. BACKGROUND

Because the parties are fully conversant with the record in this case and this memorandum opinion carries no precedential value, we recite only those facts and incidents of the proceedings as are necessary to the parties' understanding of the disposition of this appeal. Under settled principles of appellate review, we consider the evidence in the light most favorable to the party that prevailed before the Commission. Layne v. Crist Elec. Contractor, Inc., 64 Va. App. 342, 345, 768 S.E.2d 261, 262 (2015).

Gerry Axelson sustained injuries from a fall while he was working on a job site. Axelson filed a claim for benefits against Pifer Construction, Inc.; 31, LLC; and Generation Builders, LLC.[1] Relevant to his appeal to this Court, Axelson claims that he was a direct employee of Generation Builders and a statutory employee of both Pifer Construction and 31, LLC.

Before the deputy commissioner, the parties disagreed whether Axelson was hired in his individual capacity or in his capacity as the sole member of Generation Builders. The parties also disagreed about whether Pifer Construction or 31, LLC contracted with Axleson to perform the work on the job site. The deputy commissioner ultimately determined that 31, LLC hired Generation Builders. Axelson's involvement in the project, according to the deputy commissioner, was "solely in his capacity as the managing member/employee of Generation Builders."[2] The deputy commissioner also concluded that 31, LLC was not Axelson's statutory

---

[1] The parties stipulated that Generation Builders had fewer than three employees regularly in service and was not subject to the Act. Therefore, Generation Builders was dismissed from the claim.

[2] At oral argument, Axelson made clear that he was challenging the Commission's interpretation of Code § 65.2-101(1)(n) because that was the basis for the Commission finding that he was not an employee of Generation Builders. However, he expressly abandoned any argument that Code § 65.2-101(1)(n) entitled him to be considered an employee of Generation Builders. Instead, at oral argument, he relied on Code § 65.2-101(1)(a) and the deputy

employer because Generation Builders was not engaged in the same trade, business, or occupation as 31, LLC. Therefore, the deputy commissioner denied Axelson's claim for benefits. Axelson requested review from the full Commission.

Axelson argued to the Commission that the deputy commissioner erred in finding that 31, LLC was not his statutory employer.[3] He also argued that Pifer Construction was his statutory employer under principles of agency law. The Uninsured Employers' Fund (the "Fund"), involved on behalf of 31, LLC, argued that the deputy commissioner had correctly decided the case. Alternatively, the Fund argued that Axelson had failed to prove he was an employee of Generation Builders and thus was not an employee of an uninsured subcontractor.

The Commission affirmed the decision of the deputy commissioner; however, it did so on different grounds. The Commission relied on Intermodal Services, Inc. v. Smith, 234 Va. 596, 603, 364 S.E.2d 221, 225 (1988), to determine that the statutory employer doctrine required the claimant to be an employee of an uninsured subcontractor, not the subcontractor himself. Because Code § 65.2-101(1)(n) requires a member of a single-member LLC to make an election to be treated as an employee and to notify its insurer, the Commission determined that Axelson, who had done neither, was not an employee of Generation Builders. Further, the Commission determined that even if Axelson had complied with Code § 65.2-101(1)(n), Generation Builders would then have insurance and Axelson would no longer be employed by an *uninsured* subcontractor. Accordingly, the Commission affirmed the denial of benefits. In his Motion to Vacate and Reconsider, Axelson

commissioner's finding that Axelson's sole involvement in the project was as the "managing member/employee."

[3] Axelson's request for review argued that the deputy commissioner erred in determining that neither Pifer Construction nor 31, LLC hired him in his individual capacity. In his written statement to the Commission, Axelson expanded his argument to include several other arguments, including his arguments relating to the statutory employer doctrine. The Commission allowed the expansion in the interest of a "just determination of the issues."

argued that he was an employee of Generation Builders under Code § 65.2-101(1)(a).  The

Commission denied his motion.  Axelson appealed to this Court.

## II. ANALYSIS

### A. 31, LLC AND THE UNINSURED EMPLOYER'S FUND

Pifer Construction argues that the appeal should be dismissed because Axelson failed to

name 31, LLC in the Notice of Appeal and 31, LLC is a necessary party.  We disagree that 31,

LLC is a necessary party to the appeal against Pifer Construction.  We do find, however, that the

Fund should be dismissed from the appeal because Axelson did not name 31, LLC.

Rule 5A:11(b) requires that a party appealing a decision of the Commission file "a notice

of appeal which shall state the names and addresses of all appellants and appellees."  The notice

of appeal must be filed within 30 days after entry of the order or the order becomes final.  Rule

5A:11(b).  "The times prescribed for filing the notice of appeal . . . are mandatory."  Rule

5A:3(a).  A party is free to choose against whom it will pursue an appeal.  See Lamar Co. v. City

of Richmond, 287 Va. 322, 325, 757 S.E.2d 15, 16 (2014).  However,

> [w]here an individual is in the actual enjoyment of the subject
> matter, or has an interest in it, either in possession or expectancy,
> which is likely either to be defeated or diminished by the
> [appellant's] claim, in such case he has an immediate interest in
> resisting the demand, and all persons who have such immediate
> interests are necessary parties to the suit.

Woody v. Commonwealth, 53 Va. App. 188, 196, 670 S.E.2d 39, 43 (2008) (second alteration in

original) (quoting Asch v. Friends of the Cmty. of Mt. Vernon Yacht Club, 251 Va. 89, 90-91,

465 S.E.2d 817, 818 (1996)).

Here, Axelson did not name 31, LLC in the notice of appeal.  As a result, thirty days after

the Commission entered its order, the order became final with respect to 31, LLC.  Because the

time for filing the notice of appeal is mandatory, we do not have jurisdiction to consider any

issue involving 31, LLC.  The Commission determined that 31, LLC is not liable to Axelson.

- 4 -

The failure to include 31, LLC in this appeal has no bearing on the appeal against Pifer Construction. Any decision we make regarding Axelson's claim against Pifer Construction cannot defeat or diminish any actual enjoyment or interest in the subject matter that 31, LLC may have. Because the Commission's order is final as to 31, LLC, the outcome of this appeal will have no effect on 31, LLC. Consequently, 31, LLC is not a necessary party to the appeal against Pifer Construction.

The failure to name 31, LLC, however, is fatal to the involvement of the Fund. Any involvement of the Fund is predicated on an award entered against an employer for compensation benefits. Code § 65.2-1203. The Fund is only required to pay a claimant when the employer is unable or fails to pay the claimant the amount awarded. Id. Here, the Fund was involved because 31, LLC did not have workers' compensation insurance. Since no award has been entered against 31, LLC and the Commission's order is final as to 31, LLC, the Fund is not required to pay Axelson on 31, LLC's behalf. Accordingly, the Fund is not a proper party and the Fund is dismissed from this appeal.

## B. AXELSON IS NOT AN EMPLOYEE OF GENERATION BUILDERS

In his second assignment of error, Axelson argues that the Commission erred because it interpreted Code § 65.2-101(1) to provide that the member of a single-member LLC cannot be treated as an employee unless he complies with subsection (1)(n) and specifically elects to be treated as an employee.[4] Axelson does not argue that he is an employee under subsection (1)(n),

---

[4] Axelson's first assignment of error addresses the Commission's determination that the statutory employer doctrine under Code § 65.2-302 requires a claimant to prove he was the employee of an *uninsured* subcontractor. The Commission determined as a matter of law that he could not prove that the subcontractor, Generation Builders, was uninsured because it was inherently inconsistent with Code § 65.2-101(1)(n)'s requirement that he notify his insurance carrier of his election to be treated as an employee.

Code § 65.2-302 provides that a statutory employer is "liable to pay *any worker employed in the work* compensation under this title to which he would have been liable to pay if

and he concedes that he is not. Rather, Axelson argues that the Commission did not consider whether he was an employee under Code § 65.2-101(1)(a).

What constitutes an employee under the Act is a question of law. Creative Designs Tattooing Assocs. v. Est. of Parrish, 56 Va. App. 299, 307, 693 S.E.2d 303, 307 (2010). But whether the facts bring a person within the definition of an employee is a question of fact. Dillon Constr. & Accident Fund Ins. Co. of Am. v. Carter, 55 Va. App. 426, 430, 686 S.E.2d 542, 543 (2009). "Decisions of the commission as to questions of fact, if supported by credible evidence, are conclusive and binding on this Court." Manassas Ice & Fuel Co. v. Farrar, 13 Va. App. 227, 229, 409 S.E.2d 824, 826 (1991). "In determining whether credible evidence exists, the appellate court does not retry the facts, reweigh the preponderance of the evidence, or make its own determination of the credibility of the witnesses." Newport News Shipbuilding & Dry Dock Co. v. Barnes, 32 Va. App. 66, 69, 526 S.E.2d 298, 299-300 (2000) (quoting Wagner Enters. Inc. v. Brooks, 12 Va. App. 890, 894, 407 S.E.2d 32, 35 (1991)). "The question as to whether a claimant qualifies as an employee under the Act 'must be determined from the facts of the particular case and in the light of well settled principles.'" Dillon Constr. & Accident Fund, 55 Va. App. at 430, 686 S.E.2d at 544 (quoting Brown v. Fox, 189 Va. 509, 516, 54 S.E.2d 109, 113 (1949)).

---

the worker had been immediately employed by him." (Emphasis added). The Supreme Court has determined that "the phrase 'work[ers] employed in the work,' to whom compensation benefits are owed, refers to employees, not the subcontractor himself." Intermodal Servs., Inc., 234 Va. at 603, 364 S.E.2d at 225 (interpreting Code § 65.1-29, a previous version of the statutory employer statute). "[T]he statutes in issue 'never [were] intended to affect the status of a sub-contractor." Id. (second alteration in original). Thus, Axelson must be an employee of Generation Builders in order to qualify under the statutory employer doctrine. Because we determine that Axelson was not an employee of Generation Builders, we do not need to determine whether the subcontractor must be uninsured. Therefore, we do not address his first assignment of error.

Code § 65.2-101(1)(a) generally defines "Employee" as "Every person, including aliens and minors, in the service of another under any contract of hire or apprenticeship, written or implied, . . . except (i) one whose employment is not in the usual course of the trade, business, occupation or profession of the employer . . . ."

We do not need to determine whether the statute allows the member of a single-member LLC to qualify under either definition because the Commission determined that Axelson failed to come within the definition of an employee under both Code § 65.2-101(1)(a) and (1)(n).[5]

Axelson argued that he was a subsection (1)(a) employee for the first time in his Motion to Vacate and Reconsider. The Commission denied the motion stating, "After careful consideration, the claimant's Motion to Vacate and Request for Reconsideration is DENIED." The Commission provided no reasoning or explanation for the denial. Viewing this language in the light most favorable to Pifer Construction, as the prevailing party, this denial suggests that the Commission exercised its discretion and did "careful[ly] consider[]" whether Axelson was an employee under Code § 65.2-101(1)(a). Thus, taken at face value, the denial is a factual finding that Axelson is not an employee under subsection (1)(a). See Dillon Constr. & Accident Fund, 55 Va. App. at 430, 686 S.E.2d at 543. The question, then, is whether the Commission's factual determination that he did not fall within the definition of an employee under Code § 65.2-101(1)(a) is supported by credible evidence.

Even if we assume that the member of a single-member LLC could be in the service of another, the facts here support the Commission's finding that Axelson was not an employee

---

[5] "In this case, as in all others, we seek to decide cases 'on the best and narrowest ground available' from the record." Giraldi v. Giraldi, 64 Va. App. 676, 679 n.3, 771 S.E.2d 687, 689 n.3 (2015) (quoting Kirby v. Commonwealth, 50 Va. App. 691, 698 n.2, 653 S.E.2d 600, 603 n.2 (2007)).

under Code § 65.2-101(1)(a).[6] Axelson presented no evidence that he was an employee under Code § 65.2-101(1)(a). There is no evidence in the record that he worked for Generation Builders under a written employment contract. Thus, we must look for evidence of an implied contract.

To do so we look to the factors used to distinguish between an employee and an independent contractor. Some of the factors we look to include who has power of control over the individual's work, payment of wages, and power of dismissal. Dillon Constr. & Accident Fund, 55 Va. App. at 430, 686 S.E.2d at 544. Another factor is whether appropriate taxes and other deductions were withheld from the compensation. See Creative Designs Tattooing Assocs., 56 Va. App. at 304, 693 S.E.2d at 306.

There is no evidence that Axelson's actions were directed or controlled by another. To the contrary, he controlled his own work and that of his employees. Aside from testimony that he paid himself and his other employees, there is no evidence as to whether he received wages or distributions from the LLC. In fact, his W-2 shows that he received business income and did not receive a wage. There is no evidence that the appropriate taxes or other deductions were withheld from his compensation or that he filled out any payroll forms. The record does not

---

[6] Axelson points to the fact that Generation Builders, as an LLC, is a separate and distinct legal entity; therefore, he argues, he is working in the service of another. Code § 65.2-101(1)(n) specifically includes single-member LLCs and corporations having a single stockholder. Because the General Assembly enacted a specific provision pertaining to single-member LLCs, it is hard to imagine how the member of that LLC, or a single stockholder corporation, could also fit under subsection (1)(a). Generally, under rules of statutory construction we would presume that subsection (1)(n) was the sole method for a single-member to qualify as an employee. See Cuccinelli v. Rector & Visitors of the Univ. of Va., 283 Va. 420, 432, 722 S.E.2d 626, 633 (2012) ("When general words and specific words are grouped together, the general words are limited and qualified by the specific words and will be construed to embrace only objects similar in nature to those objects identified by specific words." (quoting Andrews v. Ring, 266 Va. 311, 319, 585 S.E.2d 780, 784 (2003)). However, we leave that question for another day because the answer is unnecessary to decide this appeal.

indicate whether Axelson worked set hours or a regular shift. Therefore, the evidence supports the Commission's conclusion that Axelson was not an employee.

Whether the facts of this case bring Axelson within the definition of an employee under Code § 65.2-101(1)(a) is a finding of fact entitled to deference. See Amelia Sand Co. v. Ellyson, 43 Va. App. 406, 408, 598 S.E.2d 750, 751 (2004) ("When reviewing workers' compensation cases, we defer to these factual findings."). The Commission determined he was not an employee under subsection (1)(a). We see nothing in the record that leads us to the conclusion that the Commission was in error.

### III. CONCLUSION

Because the Commission's decision is final as to the 31, LLC, the Fund is dismissed from this appeal. Furthermore, the Commission carefully considered Axelson's argument that he was an employee under Code § 65.2-101(1)(a) before denying his Motion to Vacate and Reconsider. Therefore, the Commission determined that Axelson was not an employee under either definition; consequently, we do not need to determine whether Code § 65.2-101(1) allows the member of a single-member LLC to qualify as an employee under either definition or solely under subsection (1)(n). Accordingly, the Commission did not err and its decision is affirmed.

Affirmed.