COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:   Judges Chafin, O'Brien and Malveaux
Argued at Salem, Virginia


ROBERT KIRTLEY, JR.

                MEMORANDUM OPINION* BY
v.   Record No. 0631-17-3     JUDGE MARY GRACE O'BRIEN
                  OCTOBER 31, 2017
JOEL COOPER AND
 AMGUARD INSURANCE COMPANY


FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

> Bradford M. Young (HammondTownsend, PLC, on briefs),
> for appellant.
>
> Nicholas P. Marrone (Kalbaugh, Pfund & Messersmith, PC, on brief),
> for appellees.


Robert Kirtley, Jr. ("claimant") appeals a decision by the Workers' Compensation

Commission ("the Commission") denying him benefits for a traumatic brain injury he sustained

while working at a construction site in October 2014. Claimant asserts the Commission erred in

determining that, at the time of the accident, he was an independent contractor, not an employee.

We disagree and affirm the Commission's ruling.

Facts

This Court views the evidence in the light most favorable to Joel Cooper and AmGuard

Insurance Company, the parties prevailing before the Commission below. See Dillon Constr. &

Accident Fund Ins. Co. of Am. v. Carter, 55 Va. App. 426, 428, 686 S.E.2d 542, 543 (2009).[1] So

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] At the evidentiary hearing, the parties stipulated to the occurrence of an injury by accident arising out of and in the course of employment, as well as to the period of disability. Therefore, the only issue was whether claimant was an employee or independent contractor.

viewed, Harrisonburg Townhomes, a general contractor, hired Joel Cooper, a sole proprietor, to work on the construction of seven residential units, known as the Bluestone Project. The project was to be completed in two phases during the summer and fall of 2014: phase one involved framing and roofing three units, and phase two involved framing and roofing the remaining four units.

Cooper hired claimant near the end of the first phase. Claimant, an experienced framer and roofer, brought two employees and his own equipment to work on the project. Cooper did not pay Medicare or payroll taxes for claimant or claimant's employees. Claimant submitted a "Contractor's Invoice" every two weeks, billing for the hours of work that he and his employees completed. Cooper paid claimant a lump sum, from which claimant then paid his employees. Claimant charged fifteen dollars an hour for his employees, paid them eleven dollars an hour, and retained the remaining four dollars for himself. Claimant set his own schedule and would occasionally leave the construction site to work on other jobs.

Prior to the Bluestone Project, claimant worked for Cooper on a separate roofing project. Claimant did not provide his own equipment for that job, nor did he submit invoices for payment. Instead, Cooper recorded claimant's hours and paid him accordingly. In May 2014, claimant left Cooper's employment to start his own business.

Claimant's first task with the Bluestone Project was to shingle a roof. He performed the work without any supervision or direction. During the second phase of the project, claimant usually met with Cooper's foreman, Justin Hannick, each morning to review blueprints and discuss the day's work. Hannick determined the order of task performance and allocated responsibilities. Cooper testified that claimant and Hannick were the most skilled workers on the project and they would jointly decide what construction would be completed each day. Hannick stated that as foreman, he gave "direction to everybody on the jobsite, including [claimant]," but his directions to

- 2 -

claimant focused on the order of performing tasks. Hannick testified that claimant was a skilled framer who knew how to follow blueprints and was capable of framing walls without supervision or direction.

Cooper testified that although claimant fulfilled his framing tasks independently and did not need supervision, Hannick "had to answer to me, so [Hannick] would probably have more authority." Hannick also explained that although he had the ability to issue corrective instructions to claimant, he only needed to give claimant direction "a couple of times" and never for "anything serious." Cooper stated that he observed claimant advising his own employee how to correctly perform a task and that "I had nothing to do with it."

Analysis

"The Workers' Compensation Act covers employees but not independent contractors." County of Spotsylvania v. Walker, 25 Va. App. 224, 229, 487 S.E.2d 274, 276 (1997). "What constitutes an employee is a question of law; but, whether the facts bring a person within the law's designation, is usually a question of fact." Intermodal Servs., Inc. v. Smith, 234 Va. 596, 600, 364 S.E.2d 221, 224 (1988) (quoting Baker v. Nussman & Cox, 152 Va. 293, 298, 147 S.E. 246, 247 (1929)). Therefore, the decision whether an individual is an employee or an independent contractor "involves a mixed question of law and fact which is reviewable on appeal." Walker, 25 Va. App. at 230, 487 S.E.2d at 276.

The facts underlying the Commission's determination are binding on this Court if credible evidence supports them. See Staton v. Bros. Signal Co., 66 Va. App. 185, 194-95, 783 S.E.2d 539, 543 (2016). Under this standard, "the appellate court does not retry the facts, reweigh . . . the evidence, or make its own determination of the credibility of the witnesses." Wagner Enters., Inc. v. Brooks, 12 Va. App. 890, 894, 407 S.E.2d 32, 35 (1991).

Appellant first assigns error to the Commission's determination that he was an independent contractor at the time of the accident. He argues that despite his framing expertise and ability to work unsupervised, Cooper maintained control over him, and therefore he was Cooper's employee.

A person seeking benefits under the Act has the burden of proving he is an employee within the definition of Code § 65.2-101. See Behrensen v. Whitaker, 10 Va. App. 364, 366, 392 S.E.2d 508, 509 (1990). "An independent contractor is not an employee for Act purposes." Creative Designs Tattooing Assocs. v. Estate of Parrish, 56 Va. App. 299, 307, 693 S.E.2d 303, 307 (2010).

A worker's status as either an employee or independent contractor is governed "not by any express provision of the [Act], but by common law." Id. at 308, 693 S.E.2d at 308 (quoting Hann v. Times-Dispatch Pub. Co., 166 Va. 102, 105, 184 S.E. 183, 184 (1936)). The status "must be determined from the facts of the particular case in the light of well settled principles." Hann, 166 Va. at 106, 184 S.E. at 184. The Supreme Court has defined an independent contractor as:

> a person who is employed to do a piece of work without restriction as to the means to be employed, and who employs his own labor and undertakes to do the work according to his own ideas, or in accordance with plans furnished by the person for whom the work is done, to whom the owner looks only for results.

Epperson v. DeJarnette, 164 Va. 482, 486, 180 S.E. 412, 416 (1935).

"The elements of an employment relationship are: (1) selection and engagement of the employee, (2) payment of wages, (3) power of dismissal, and (4) power of control of the employee's action." Purvis v. Porter Cabs, Inc., 38 Va. App. 760, 766, 568 S.E.2d 424, 427 (2002). Although "[t]he power of control is the most significant indicium of the employment relationship," the other elements "elucidate the manner and degree of control." Richmond Newspapers, Inc. v. Gill, 224 Va. 92, 98, 294 S.E.2d 840, 843 (1982).

An independent contractor "directs the work himself, using his own methods to accomplish it." Talley v. Drumheller, 135 Va. 186, 191 115 S.E. 517, 519 (1923). Here, Hannick did not tell

claimant how to perform the job; he merely informed claimant, based on the blueprints, what the result should be. Hannick and Cooper both testified that claimant was a skilled framer who could read blueprints and perform the work necessary to accomplish the framing without supervision or instruction. During the first construction phase, claimant worked independently. He was an experienced roofer, and he did not receive any specific direction regarding the shingling. For the second phase, although Hannick had authority as the foreman of the project, he and claimant worked collaboratively in planning the day's objectives, because they "were the most experienced people there and they were making the decisions." Claimant supervised and instructed his own employees.

The fact that Hannick had authority to determine the order of task performance and allocate work responsibilities does not negate claimant's status as an independent contractor. Virginia law does not require that an independent contractor be free from all instruction or direction, as long as he has the power to control the means and methods of performance. See MacCoy v. Colony House Builders, Inc., 239 Va. 64, 68-69, 387 S.E.2d 760, 762 (1990).

In MacCoy, the Supreme Court affirmed an electrician's status as an independent contractor, despite evidence that he worked on twenty-two houses for a construction company whose president was on site each day specifying the location and installation of lighting fixtures, switches, and receptacles for major appliances. Id. at 68, 387 S.E.2d at 762. The Supreme Court held that "[n]one of these facts . . . even when taken together, would justify an inference that Colony House had the power to control the *means and methods* of [the electrician's] work." Id. The president "merely prescribed what the results should be;" however, the electrician was "free to adopt and employ the means and methods necessary to accomplish the prescribed results," and was therefore an independent contractor. Id. Likewise, in this case, claimant controlled the means and methods

for achieving the results as prescribed in the blueprints, and was therefore an independent contractor regardless of Hannick's generalized project administration.

Additionally, claimant used his own equipment and tools for the project, a fact that may be considered in deciding "the paramount issue of control." See Creative Designs Tattooing Assocs., 56 Va. App. at 311, 693 S.E.2d at 309 (noting that claimant's provision of the "instrumentalities, supplies, and tools for his work" indicated independent contractor status). Cf. Uninsured Employer's Fund v. Clark, 26 Va. App. 277, 281, 494 S.E.2d 474, 476 (1998) (finding claimant to be a covered employee, based in part on his "using a truck and tools provided by [the employer]"). When claimant previously was employed by Cooper, he did not bring any of his own equipment.

Although claimant was paid by the hour, he could determine his schedule and the hours that he worked. He was also free to leave the jobsite to work on other projects. A worker's ability to control his hours is an indication of independent contractor status, even if that worker is paid an hourly wage. Walker, 25 Va. App. at 232, 487 S.E.2d at 278 ("While claimant was paid by the hour, she controlled the actual number of hours she worked.").

Claimant relies on Dillon Constr.. In Dillon Constr., Carter left his employment as a carpenter for a construction company in 2006 to do freelance contractor work. 55 Va. App. at 429, 686 S.E.2d at 543. In this capacity, he continued to perform occasional part-time carpentry work for the company. Id. Later in 2006, when Carter could not find enough work to sustain his own business, he returned to work for the company and was subsequently injured in the course of his employment. Id. This Court affirmed the Commission's finding that at the time he was injured, Carter was an employee under the Act. Id. at 433-34, 686 S.E.2d at 545-46. We noted that Carter was treated the same as the other hourly carpenters: he "worked eight hours a day, turned in his time cards, received his earnings based on hours worked, and performed the same duties as when he

was an hourly employee in 2005." Id. at 434, 686 S.E.2d at 545. Additionally, the company retained the sole ability to hire potential carpenters. Id. at 432, 686 S.E.2d at 545.

Here, however, Cooper engaged claimant for the Bluestone Project not only to work individually, but also to supply additional laborers. Claimant submitted invoices tallying the hours both he and his employees worked. The Commission found that "significantly, [claimant] gained an additional $4 for himself for every hour worked by his employee." Unlike Carter, who returned to work for the construction company after he could not maintain his own business, claimant returned to work for Cooper under new business conditions, with his own employees to supervise and from whom he would derive a profit.

In his second and third assignments of error, claimant challenges the Commission's factual findings that he controlled his work hours at the time of the accident and he did not consider himself Cooper's employee. However, if any credible evidence supports the Commission's factual findings, they are binding and conclusive on appeal, even if the record contains contrary evidence. See Wagner Enters., Inc., 12 Va. App. at 894, 407 S.E.2d at 35.

Cooper testified that claimant was free to leave the worksite for other jobs whenever necessary. Claimant's employee testified that he and claimant worked on the project by themselves one Saturday. Although claimant generally worked the same hours as the other construction workers, Cooper specifically denied that claimant had a set schedule. This flexibility was in contrast to claimant's more rigid schedule when he was previously employed by Cooper.

The record also contains credible evidence that claimant considered himself an independent contractor. See Gill, 224 Va. at 98, 294 S.E.2d at 843 (recognizing that the parties' intent can factor into the ultimate determination of employment status). Claimant supplied the worksite with heavy equipment that everyone shared, submitted invoices for both his and his employees' work, and received an extra four dollars for each hour of work completed by one of his employees. These

- 7 -

circumstances differed from claimant's work relationship with Cooper prior to the Bluestone Project. There, claimant supplied no equipment, no labor other than himself, and was paid without provision of an invoice but according to Cooper's records of the hourly work claimant performed. Such evidence of claimant's power of control supports a finding that he considered himself an independent contractor.

For these reasons, the Commission properly found that claimant was an independent contractor, and therefore not entitled to an award of benefits under the Act.

<u>Affirmed.</u>